144 WHITFORD *et al. v.* DAGGETT. [Sept. T.

Opinion of the Court.

# HENRY K. WHITFORD *et al.*

## *v.*

## JANE R. DAGGETT.

1. MARRIED WOMEN—*husband acquires no title to property by marriage.* Since the statute of 1861 relating to the rights of married women, the husband does not, by marriage, acquire title to the money and personal property of the wife, but she retains all her rights of property, and may deal with the same as if sole.

2. SAME—*money loaned by, to husband, a claim against him and his estate.* Money of the wife loaned to the husband, either before or after marriage, is a proper charge against him while living, and against his estate after his death.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Messrs. BOTSFORD, BARRY & KRIBS, for the appellants.

Messrs. WHEATON, SMITH & McDOLE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a suit in chancery, brought by Jane R. Daggett, widow of Nathan E. Daggett, deceased, against his heirs and representatives, to admit her as a general creditor of the estate, for certain moneys lent to him by her before their marriage, and for certain other of her moneys lent to him after their marriage. They were married in 1867, and he died in 1871.

No pure question of law is raised. The case turns upon the inferences to be drawn from the testimony, under the law.

Since our statute of 1861 relating to the rights of married women, the husband does not, by marriage, acquire title to the money and personal property of the wife.

The wife retains all her rights of property, and may deal with the same as if sole.

Money of the wife loaned to the husband either before or after marriage, is a proper charge against him while living, and against his estate after his death.

We have examined the evidence in this case with care, and considered the arguments of counsel for appellants, wherein it is insisted that the decree allows too large an amount, but find the decree fully sustained by the proofs.

A full discussion of the proofs could be of no benefit to the parties or to the public.

The decree must be affirmed, with costs.

*Decree affirmed.*