## H. R. TYBERANDT

*v.*

## JOHN RAUCKE.

*Filed at Mt. Vernon October 1, 1879.*

FRAUDULENT CONVEYANCE—*of wife to husband.* Where the only proof that a conveyance was fraudulent was the fact that it was made by an indebted wife to her husband, and they both testified that the conveyance was executed in consideration that the husband undertook to pay certain specified debts of the wife, which was not a grossly inadequate price for the property, and that he had since paid the same, the intent to hinder, delay, or defraud creditors being expressly denied, and it appeared that the debt under which the conveyance was assailed was incurred by the wife as surety, and both she and

her husband denied any knowledge of the existence of such debt when the deed was made, supposing it was paid, or otherwise secured, it was held there was not sufficient proof of fraud to defeat the husband's equitable title.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Mr. P. E. HOSMER, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, by John Raucke, against Maria Tyberandt and H. R. Tyberandt, her husband, to set aside a certain deed, executed by the wife to the husband, on the ground that it was made to hinder and delay creditors, etc. The allegations of the bill are put in issue by the answers of the defendants, and the only proof of fraud lies in the fact that the conveyance is by an indebted wife to a husband. Both husband and wife swear that the conveyance was executed in consideration that the husband undertook to pay certain specified debts of the wife, amounting, in all, to $556, which he has since paid. It does not appear that this was a grossly inadequate price for the property, and there is no other circumstance tending to establish fraud. Both husband and wife deny, in their evidence, all intent to hinder, delay, or defraud creditors.

The debt under which complainant claims title was one incurred by Maria Tyberandt as surety, and both she and her husband deny knowledge of the existence of this debt when the conveyance was made, claiming that they supposed that it had been paid or otherwise secured.

We do not think the evidence affords sufficient proof of fraud to defeat the husband's equitable title in the property.

The decree is reversed, and the cause remanded.

                                        *Decree reversed.*