### TAMS BIXBY *vs.* GEORGE WILKINSON.

### October 9, 1880.

**Judgment on Special Findings, there being no General Verdict.**—The trial of the issues of fact herein was conducted by both parties upon the theory that certain specific questions of fact covered all matters of fact in actual dispute and litigation between them, and there was no conflict of evidence upon any other matter. In giving the case to the jury the court, without objection, submitted said questions for special findings thereon, stating at the time that it would direct such general verdict as might be authorized by such special findings. The findings being all in favor of the plaintiff, judgment was entered in his favor, under the direction of the court, for the amount claimed in the complaint, without the formal entry of any general verdict. *Held*, not error requiring a new trial or a reversal of the judgment; it appearing from the admissions in the pleadings and the uncontradicted evidence in the case, taken in connection with the special verdict, that the plaintiff was clearly entitled to a general verdict in his favor for the amount of the judgment.

Action on a written contract whereby the plaintiff agreed with the defendant to build a party-wall along the line be-

tween them in the city of Red Wing, one half of the thickness of the wall to be on the premises of each; the basement or cellar part of the wall to be of stone and of prescribed dimensions, and the part above the cellar to be of brick, 28 feet high, 70 feet long, and one foot in thickness; and the defendant agreed to pay the plaintiff $264 "for doing said work, and for an equal undivided one-half in fee simple of said cellar and brick wall, and to pay the same when said work is done and said walls are completed." The plaintiff built the wall as agreed on, except that, instead of the wall above the basement being entirely of brick, he put in it, at the end fronting the street, a stone pilaster, 13 feet high, 16 inches wide, and 10 inches thick.

After the decision of the former appeal in the action, (reported 25 Minn. 481,) the plaintiff amended his complaint by inserting an averment that "the wall was built in the usual, ordinary and customary manner of performing said work and of constructing like walls in said Red Wing,. and as provided for in said contract, and agreement, save and except that said plaintiff did, with the knowledge and consent of said defendant, construct and put upon a portion of the front end of said brick wall a stone pilaster," etc.

At the trial in the district court for Goodhue county, before *Crosby*, J., the court submitted to the jury certain questions, informing them that the court would direct such general verdict as should be authorized by their answers thereto. The questions and the answers of the jury are as follows:

1. Is the wall with the stone pilaster what, in the custom of the business of building in the city of Red Wing, is regarded as a brick wall. *Answer.* Yes.

2. Did the defendant consent that the wall with the stone pilaster should be built in lieu of a wall entirely of brick? *Answer.* Yes.

3. Did the defendant accept the wall with the stone pilaster in lieu of a wall entirely of brick? *Answer.* Yes.

No general verdict was returned. On plaintiff's motion,

judgment was entered in his favor for the amount of the contract price with interest and costs, and the defendant appealed.

*Charles N. Bell*, for appellant.

*J. C. McClure*, for respondent.

CORNELL, J.   In submitting this case to the jury, the court, without objection from either party, directed them to return a special verdict in answer to three separate questions propounded to them, stating that it would direct such general verdict as might be authorized by their answers to such questions.   An examination of the settled case clearly shows that these questions embraced every material matter of fact which was in issue under the pleadings, concerning which there was any conflict of evidence, or any dispute or controversy at the trial.   It was tried upon this theory, both by the court and the parties.   Neither party requested a finding by the jury upon any other matter than those covered by the special questions submitted, nor was it sugges'ed by either party that either of the questions thus submitted to be passed upon was not a proper matter for the determination of the jury under the pleadings.   The specific findings returned in answer to the questions thus submitted, taken in connection with the uncontradicted evidence and the admission of the defendant's counsel on the trial as to all other matters, clearly show that the plaintiff was entitled to a general verdict in his favor, and it would not have been error for the court to have directed such general verdict upon the coming in of the special verdict.   The omission to do so was a mere matter of form, affecting no substantial right; for the judgment which was rendered was the same in its effect as though a general verdict had been actually rendered under the direction of the court.   *Hutchinson* v. *Chicago & Northwestern Ry. Co.*, 41 Wis. 541, 553; *McNara* v. *Chicago & Northwestern Ry. Co.*, Id. 69; *Williams* v. *Porter*, Id. 422.

The evidence is sufficient to support the special findings. The fact testified to, under objection, in response to the ques-

tion as to the usual and ordinary way of constructing partition walls of the kind in controversy in Red Wing, was proved by other testimony, not objected to; and hence, whether the ruling on that question was correct or not, it is evident that it did no harm and furnishes no ground for a new trial. The point that no contract was in fact made between the parties was not raised in the court below, and it is now too late to make it after the case has been litigated upon a different theory. In respect to the point that "it does not appear that plaintiff has ever offered or has ever been willing to convey to defendant an equal undivided one-half in fee simple of said cellar and brick wall," it is sufficient to say that such a conveyance is not made by the contract a condition precedent to the payment which defendant obligated himself to make.

Judgment affirmed.