ELIZA McNALLY *vs.* LUTHER R. WELD, Administrator.

February 8, 1883.

**Married Woman—Advance of Money to Husband held a Loan.**—Plaintiff, being a married woman, advanced to her husband, of her own separate funds, money to enable him to pre-empt a tract of land. In the absence of further evidence tending to prove the transaction a gift, *held*, under the circumstances, that the jury properly found it a loan. In such cases, whether the transaction is to be regarded as a gift or a loan, is a question of intention to be determined by the facts and circumstances.

**Same—Property Rights under Rev. St. 1851.**—The Revised Statutes of 1851 saved to married women the right to their separate property, and the increase and profits thereof; and such right was not divested by the possession of the husband.

**Same—Proof Requisite to show a Gift.**—Considering the confidential relations of husband and wife, the mere receipt of her money or property by him is but slight, if any, evidence of a gift; an intention on her part to divest her right to it by gift should be made to appear.

**Same — Payment of Husband's Medical and Funeral Expenses.**—Plaintiff also assumed and paid the necessary medical and funeral expenses of her deceased husband. *Held*, a proper charge against his estate.

**Special Findings without a General Verdict.**—There were special findings by the jury on the several issues, but no general verdict. No errors in law occurring at the trial are apparent, and the special findings appear to be supported by the evidence. *Held*, that the motion for a new trial was properly denied.

In 1857, the plaintiff, then the wife of Thomas Garvey, advanced to him $200, to be used in pre-empting land, and which was so used by him. In 1858, Thomas Garvey died, and the expenses of his last sickness and of his funeral, amounting to $205.50, were paid by Patrick Garvey, upon the request of plaintiff, and upon her agreeing to repay them, which she did in 1859. Patrick Garvey was appointed administrator of the estate of Thomas Garvey in 1858, and afterwards, and about the year 1874, died, leaving the estate unsettled. On August 13, 1877, the defendant was duly appointed

v.30—14

administrator of the estate of Thomas Garvey, in place of Patrick Garvey, deceased, by the probate court for Rice county. No commissioners to hear claims against the estate of Thomas Garvey were ever appointed, nor was any opportunity ever given to creditors to present their claims, until the appointment of defendant as administrator, when the probate court made an order appointing a time and place for the hearing of claims against the estate. At such time and place the plaintiff appeared and presented claims against the estate for the above-mentioned sums, and the same were in part disallowed.

On appeal to the district court for Rice county, issues were framed and the action was tried before *Start, J.,* (acting for the judge of the 5th district,) and a jury. Specific questions were submitted to the jury, and were answered as follows:

"Was Patrick Garvey appointed administrator of said Thomas's estate, July 5, 1858? Did he afterwards die, and was the defendant afterwards, and on August 13, 1877, appointed administrator of said estate?" *Answer.* "Yes."

"Were commissioners ever appointed to adjust claims and demands against said Thomas Garvey's estate?" *Answer.* "We find no evidence that commissioners were appointed."

"Did the plaintiff loan and advance to her husband, the said Thomas Garvey, in his lifetime, any money? If so, when and how much was it?" *Answer.* "Yes. Two hundred dollars, March, 1857."

"Did the said Patrick Garvey, at the request of the plaintiff and upon her promise of repayment, pay the necessary expenses of the last sickness, and the funeral expenses of said Thomas Garvey? If so, how much did he pay?" *Answer.* "Yes. $205.50."

"Did the plaintiff repay the amount so advanced, if any, to said Patrick Garvey, September 8, 1859?" *Answer.* "Yes. $205.50."

"Was any time fixed upon by the said probate court for the hearing and adjusting of claims against said estate prior to August 13, 1877? Did the plaintiff ever present any claim to said court or to commissioners by it appointed prior to said last date?" *Answer.* "No."

There was no general verdict, and, upon these special findings, judgment was ordered in favor of plaintiff for the sums above-mentioned, with interest from the times of their payment, amounting in all to the sum of $1,084.50. Defendant appeals from an order refusing a new trial.

*J. B. & T. H. Quinn,* for appellant.

There was no evidence from which the jury could infer a loan by plaintiff to her husband. The evidence must show conclusively that what might be intended as a gift was actually a loan. *Hall* v. *Finch,* 29 Wis. 278; *Courtright* v. *Courtright,* 53 Iowa, 57; *McCrory* v *Foster,* 1 Iowa, 271; Moak's Van Santvoord's Pleadings, 488, 489 and notes.

Plaintiff had no authority to pay the medical bills and funeral expenses, and her payment of them was entirely voluntary, and she cannot recover the amount paid. *Smith* v. *Schroeder,* 15 Minn. 18, (35;) *Beach* v. *Vanderburgh,* 10 John. 360; *Overseer* v. *Overseer,* 14 John. 87; *Patterson* v. *Patterson,* 59 N. Y. 574, 582; *Green* v. *Salmon,* 8 Ad. & El. 348; *Brice* v. *Wilson,* 3 Nev. & Man. 512; *Pelton* v. *Knapp,* 21 Wis. 64; Addison on Contracts, §§ 1405, 1407; 1 Parsons on Contracts, 471, 474.

These claims are barred by Gen. St. 1878, c. 66, §§ 18, 19.

*G. W. Batchelder,* for respondent.

VANDERBURGH, J. On appeal to the district court of Rice county from the decision of the probate court in the matter of the account of this plaintiff, who was the wife of Thomas Garvey, against his estate, issues were duly framed between the parties to this action, and, upon a trial by jury, special findings upon the several issues were made by them, by which it is found that the plaintiff loaned and advanced to her husband in March, 1857, the sum of $200, and did, also, after his decease, on September 8, 1859, pay the amount of the expenses of his last sickness and of his funeral, which had been previously, at her request, and on her promise of repayment, advanced therefor by one Patrick Garvey, being the sum of $205.50; that Thomas Garvey died in May, 1858, and Patrick Garvey was appointed administrator of his estate in July, 1858, and subsequently died, leaving the estate unsettled; that no commissioners were ap-

pointed to adjust claims against the estate; that defendant was appointed administrator in 1877, and thereafter, for the first time, an order was made by the probate court for the hearing and adjusting of claims. This appeal is from an order denying a motion for a new trial, made by defendant upon the ground that the verdict was not justified by the evidence and was contrary to law. It brings before us, therefore, the propriety of the findings of the jury. As there do not appear to have been any errors in the rulings of the court at the trial, we are to consider, chiefly, the sufficiency of the evidence to support the findings.

1. In support of the first item of plaintiff's claim, it appears from the evidence that the plaintiff advanced the money to her husband to enable him to pre-empt a piece of land. The alleged debt was not evidenced by any writing, and there is no other direct evidence as to the character of the transaction—whether a loan or a gift—than the fact that she furnished the same to him as above stated, he having no means of his own to purchase the land with. Upon a pre-emption he would take the title, and the confidential relations of the parties would account for the informal character of the transaction, and for her not exacting security for payment prior to his death the year following. Under the circumstances it was not necessarily a gift, and we think the jury might, as they have done, find otherwise. As between husband and wife, in such cases, the character of the transaction, whether a gift, or a loan, or a trust, is a question of intention, depending on the facts and circumstances of each case. Schouler on Husband & Wife, § 395. It is not necessary that there should be any formal promise or agreement to repay the money, in order to establish the right of the wife to recover. *Steadman* v. *Wilbur*, 7 R. I. 481, 487.

The Revised Statutes of 1851 saved to the wife the right to her separate property, the title to which was not divested by the husband's possession, and her rights were protected without the intervention of trustees. She was also entitled to the increase and profits thereof, though in her husband's possession. *Williams* v. *McGrade*, 13 Minn. 39, (46.) The court will also carefully protect the wife's interest from suffering loss by reason of the confidential rela-

tions of the parties. *Rich* v. *Rich*, 12 Minn. 369, (468;) *Boyd* v. *De La Montagnie*, 73 N. Y. 498. In *Teller* v. *Bishop*, 8 Minn. 195, (226,) the wife's equity supported a repayment to her of moneys used by her husband, even as against his creditors. Where, however, her money is used with her consent for family expenses, or is by her suffered to be appropriated by her husband in his business, or otherwise, under circumstances clearly inconsistent with an intention to claim a repayment, she cannot recover it from his estate. But the mere receipt of her money or property by the husband, which it is. natural and not unusual to intrust to him, is at best but slight evidence of a gift. The intention on her part to divest her right to it by gift ought to appear, otherwise she may recover of him or his estate what of right can be ascertained to be hers. *Grabill* v. *Moyer*, 45 Pa. St. 530; *Patten* v. *Patten*, 75 Ill. 446; *Whitford* v. *Daggett*, 84 Ill. 144; *Boyd* v. *De La Montagnie, supra; Green* v. *Carlill*, L. R. 4 Ch. Div. 882; *Smyley* v. *Reese*, 53 Ala. 89, 101. We think there is enough in the evidence to sustain the conclusion of the jury that the transaction was not a gift, nor intended to be such, and consequently he was liable to her for the amount so advanced by her. As this money was used by the husband in the purchase of property, and not kept or invested for her, plaintiff is entitled to interest, as other creditors, unless the claim is barred.

2. As to the second item allowed, the uncontradicted evidence in support of her claim is that she assumed and paid the necessary expenses of her husband's last sickness and funeral out of her own separate property. In the first instance they were advanced and paid, at her request, by Patrick Garvey, on her promise to repay him, which she did under the arrangement that was made between them. She was the responsible party who effected the payment and settlement of these charges. It does not concern the defendant in what way she made provision for the payment of these necessary expenses of her deceased husband. The claims were, it seems, just and reasonable, and were unquestionably a proper charge against his estate. He was entitled to a suitable burial at the expense of his estate, (*Smyley* v. *Reese*, 53 Ala. 89, 97,) and the expenses of his last sickness and funeral were expressly made preferred claims against his estate by

statute.    Pub. St. 1858, *c.* 44, § 36.    It should not be deemed officious intermeddling for the widow, under such circumstances, to interest herself in making the proper provisions for such necessary expenditures, and the law raises an implied obligation on the part of the legal representatives of the deceased to discharge such liability incurred by her.    See *Patterson* v. *Patterson,* 59 N. Y. 574, 583–4, and cases cited.    If she had paid these expenses in the first instance, and the administrator had afterwards repaid the amount to her, he would have been entitled to be allowed for them out of the assets.    *Patterson* v. *Patterson, supra,* 585.    We think this claim of the plaintiff also valid.

3. As to the plea of the statute of limitations, there can be no question that the evidence supports the special findings of the jury. Whether they should have been more full or definite is a question not raised by defendant.    He did not at the time of its rendition, nor does he now, complain of the form of the verdict.    *Bixby* v. *Wilkinson,* 27 Minn. 262.    The object of this appeal is to set aside the verdict, and for a new trial, on the grounds above stated.    It must be apparent that there is no reason for sending the case back to the jury to find again upon the questions of fact.    It is equally apparent that, as respects the statute of limitations, we are not called upon to determine, on this appeal, what the general verdict should have been upon the facts found, or what judgment ought to be rendered thereon in the case.

It follows that the order denying a new trial should be affirmed.