MARY McMANUS

v.

JOHN MILLS.

</div>

1. HUSBAND AND WIFE.—Where a husband in failing circumstances makes a conveyance to his wife, if such conveyance is made in good faith it will be sustained to the extent of the consideration actually paid.

2. MORTGAGE TO WIFE.—Where appellee levied upon certain property claiming it belonged to his debtor, the husband, and appellant, the wife, claimed it as her own, and on the trial in the court below offered to show that she had loaned her husband $800 received from her father's estate, and

offered in evidence a promissory note and chattel mortgage given to her by her husband on the property in question, *held*, that it was error to exclude the evidence from the jury and direct a verdict for appellee.

Appeal from the County Court of La Salle county; the Hon. Hiram T. Gilbert, Judge, presiding; opinion filed April 5, 1886.

Messrs. Richolson & Gentleman, for appellant; cited Tomlinson v. Matthews, 98 Ill. 178.

Mr. B. D. Snow, for appellee; cited Simmons v. C. & T. R. Co., 110 Ill. 340 ; Miller v. Payne, 4 Bradwell, 112.

Baker J. A constable held an execution against Archibald McManus, husband of appellant, and levied it on certain horses. The property was claimed by her and a trial of the right of property before a justice of the peace resulted in her favor.

On appeal to the county court, a jury was impaneled to try the case *de novo*. Appellant introduced in evidence a promissory note executed by her husband to her for $1,679.32, dated December 27, 1884, and a chattel mortgage of the same date from him to her on the horses in question and some other stock, given to secure said note ; and also provided that in 1872, and subsequent to her marriage, she received the sum of eight hundred dollars in money from the estate of her deceased father. She also introduced evidence tending to prove that shortly after her receipt of the $800 she loaned it to her husband, who used it in making payment of a note of his for $1,000 and drawing ten per cent. interest, that had been given for a part of the purchase money of his farm ; and that the note and mortgage to her were executed in order to secure the payment of this $800, borrowed by the husband, and interest thereon. She testified positively that the money was loaned, and produced the $1,000 land note that had been paid off, and testified she took possession of it at the time of the transaction in order to show that she had loaned her husband the money to make payment. She also stated she had asked her husband at different times for the money, and told him she

must have it ; that she held the $1,000 note as the money belonging to her, and it was all she had to show for it until the note and mortgage in issue were given ; and that she knew her husband was heavily in debt when she took the latter.    The testimony of appellee was quite fully corroborated by that of her brother, John Kerns.

Thereupon, appellant having closed her case, all the evidence introduced by her was, on motion of appellee, excluded from the jury, and the jury directed to return a verdict against her.    A verdict was so entered and judgment rendered thereon.

The action of the court was erroneous.    The jury should have been permitted to pass upon the case.    The $800 and interest thereon, if they amounted to the face of the note of December 27, 1884, and if it was a *bona fide* loan, made with intention it should be paid back, and believed by the jury to be such, afforded an ample consideration for the note and mortgage; and it would seem the note and mortgage and other evidence introduced, if the transaction appeared to the jury to be in good faith, made out a *prima facie* case.

In Whitford v. Daggett, 84 Ill. 144, it was held that since the Married Women's Act of 1861, money of the wife loaned to the husband, either before or after marriage, is a proper charge against him while living, and against his estate after his death.    In Payne v. Miller, 103 Ill. 402, it was said: " With respect to the right of a husband to make a conveyance to his wife when in failing circumstances, the law is well settled he may do so when made upon a full, fair consideration, and where such conveyances are made in good faith they will be sustained to the extent of the consideration actually paid and no further."    In Tomlinson v. Matthews, 98 Ill. 178, the moneys included in the two promissory notes there involved had been loaned by the wife to the husband from time to time and in various amounts, some of them as much as eight, nine and even ten years prior to the execution of said notes; and when the moneys were got nothing was said about paying them back.    In that case the authorities in this State bearing upon the matter involved were discussed, and the court deduced therefrom three principles :

"1st.  The husband may prefer the wife (she being a creditor) to other creditors, provided the preference is based upon a valuable consideration, and is made in good faith.

" 2d.  As to the property of the wife, protected as her separate property by the statutes in force in reference thereto, the husband occupies the same relation as over a stranger. She may sell it or loan it to him, or constitute him her agent for its management and disposition; but a gift of it by her to him will not be presumed in the absence of proof to that effect."

Of course these conclusions, formulated by the Supreme Court, are to be taken as subject to the restrictions imposed by section 9 of the statute, relating to husband and wife; and also to the principle that the relation of the parties may be considered with reference to the weight to be given or inference drawn from their conduct and dealings with regard to the separate property of the wife.  See Patten v. Patten, 75 Ill. 446.

The cases of Wortman v. Price, 47 Ill. 22, Patton v. Gates, 67 Id. 164, Kahn v. Wood, 82 Id. 219, and Hockett v. Bailey, 86 Id. 74, cited by appellee, we do not understand to be authorities in point in the present litigation.  The doctrine of a line of cases of which those cited are samples, is. that if the wife allows the husband to use her capital in his. business or as his own, and invest and re-invest it in his own name, and thereby obtains credit on the faith of his being the owner of the property, she will not be permitted to interpose her claim thereto, to the injury of the creditors of the husband.  Here, there is no question of the ownership of particular property, claimed by the wife to have been bought with her means; but the title of Archibald McManus to both the farm, in part payment for which the $800 was paid, and to the horses and stock on which the chattel mortgage was given, is conceded by appellant.  The judgment is reversed and the cause remanded for another trial.

<div align="right">Reversed and remanded.</div>