## FREDERICK RUDERSHAUSEN ET UX.
### v.
## ROGER W. ATWOOD.

WIFE CREDITOR OF HUSBAND.—A wife who has loaned her husband money stands precisely like any other creditor of the husband under the laws of this State and he has the right to prefer her to them if done in good faith.

APPEAL from the Circuit Court of Madison county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed June 12, 1886.

This bill in equity was filed by the appellee to subject a house and lots, the title of which was in the name of the wife, the said Kate, to the payment of a judgment obtained by the

appellee against the husband, the said Frederick.   The bill avers that the lot was purchased by the husband and put in the name of the wife for the purpose of defrauding the complainant.   The answer denied the material allegations of the bill, and averred upon their marriage, in 1864, the wife received from her father, one Jacob Haas, $1,500, which she loaned to her husband to be used in his business.   That subsequently he failed in business and all his property, including the sum so borrowed of his wife, went to pay his creditors including complainant, except his wife, who had no share of the assets. That afterward, in 1882, he received about $1,800 as a back pension from the United States for injuries received while in the service, and with that he paid his wife, who purchased the property in controversy with it.   Upon a hearing a decree was rendered for the complainant, and the defendant appealed.

Messrs. BAKER & BAKER, for appellants.

Messrs. WISE & DAVIS, for appellee.

PILLSBURY, P. J.   The testimony relied upon by complainant to sustain the averments of his bill consisted solely of his own statements of a conversation he had with the defendants.   Being asked if he had any conversation with either of the defendants, he answered: "I had a heated conversation with him.   I had been to his house to see his wife and I asked her if the property belonged to her, and she said it did.   I told her that in the spring of '78, when I had gone to St. Louis, I remarked to her that he told me that he expected some money on back pension and would settle all claims; and I asked her if that pension money was not used in the house. She gave me to understand that it was, but it was so muddled up I don't just understand how it was; I afterward met him and he said when he was in business he used some of his wife's money and he thought it but right to give her the pension." On the part of the defendants the deposition of Jacob Haas, the father of Mrs. Rudershausen, was read, who testified that when his daughter married he gave her $1,500 in money and $500 in household furniture; that the money was received

by him from his father, coming to him from the estate. The deposition of defendant Frederick, who testified to facts fully supporting the answer was read. Thus far the case had been heard upon the depositions alone ; and in rebuttal the records and papers of the county court were introduced in evidence, showing that the father of witness Haas did not die until in 1866, and that in the inventory of notes and accounts there appeared a note of Fred. Rudershausen dated Aug. 1, 1865, for $1,500. An application was then made by defendants to re-refer the case to the master so they could put in testimony explanatory of the proof introduced in rebuttal supported by the affidavit of said Haas, in which he swears that if he stated in his deposition that he received the money from his father's estate, he meant to state that he received * * * from his father some time before his death the $1,500 as his probable share of the estate, and gave his note to be charged to him on the settlement of the estate ; and that in 1865 a new note was given his father with the defendants herein signing with him, which is the note named in the schedule ; also the affidavit of the defendant Rudershausen corroborating that of Haas. The court overruled the application and rendered a decree as prayed for in the bill. The evidence relied upon by the complainant to establish his case is very unsatisfactory. No admissions of the defendant are shown of that convincing character that would alone justify a decree for the complainant. To disregard the testimony of the witness Haas and the defendant leaves the bill without sufficient proof to show that the transaction between the defendants was fraudulent. Over twenty years had elapsed since the transaction between the parties, and it may well be that some of the details of it had escaped the recollection of Mr. Haas, but he is so certain and positive as to the gift of the money to his daughter, that we can not attribute to him the crime of perjury in that regard because he may have forgotten the exact time he obtained the money or some other minor matters connected with it. The principal fact was whether he gave her the money ; and this is positively sworn to by him and the defendant Frederick, and they should not be convicted of falsehood upon mere inferences

that may be drawn from the files of the county court without permitting them an explanation of any seeming inconsistencies between the papers and their testimony." There was no evidence contained in the papers that the note signed "Fred Rudershausen" was given for the $1,500 Haas gave to his daughter. Without some proof showing the connections between the note scheduled and the money obtained from the father of Haas, it should not be inferred in opposition to the oaths of the two witnesses that it was given for that identical money. Considering their testimony as in the case and entitled to any credence, it establishes the fact of the gift to the daughter of the sum of $1,500, and that she loaned it to the husband, who never repayed it until he received his pension and she purchased the property with it. We are of the opinion that the bill is not sustained, whether the evidence of the complainant be alone considered, or in connection with that introduced by the defendants. That she stands precisely like any other creditor of the husband under existing laws of this State, and that he has the right to prefer her to them if done in good faith, is sustained by the following authorities: Whitford v. Daggett, 84 Ill. 144; VanDorn v. Leeper, 95 Ill. 35; Tyberandt v. Rancke, 96 Ill. 71; Tomlinson v. Matthews, 98 Ill. 178. We think the case should be again heard, when all the proofs desired by either party may be introduced and a full understanding of the facts obtained.

The decree will be reversed and the cause remanded.

Reversed and remanded.