## Kate E. Herbert v. Louis Mueller.

1. CONSIDERATION—*Promise to Pay the Debt of Another.*—A consideration is necessary to an oral promise to pay the debt of another.

2. SAME—*Agreement to Forbear.*—An agreement to forbear proceedings at law or in equity, to enforce a well-founded claim, is a valid consideration for a promise. But this consideration fails if it is shown that the claim is wholly and certainly unsustainable at law or in equity.

3. HUSBAND AND WIFE—*When Debtor and Creditor.*—Where a wife loans money to her husband, her position in regard to him, as his creditor, is precisely the same in law as would have been that of any other creditor under the same or similar circumstances.

Assumpsit.—Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed June 22, 1899.

Statement by the Court.—This is an appeal from a judgment in favor of appellee and against appellant, for the sum of $45, rendered in the trial court on appeal from a justice of the peace. The cause was tried by the court, without a jury, by agreement of the parties.

Appellee testified that he was in the cigar business, and had dealings with Martin B. Herbert for two years, selling him cigars; that Herbert ran a saloon in 1893, and in the early part of that year owed the plaintiff $60 for cigars; that he heard that Herbert had "skipped out" and left the

· State; that he went to the saloon for the purpose of finding out how many of his cigars were still on hand; that he went behind the counter and counted the cigars in order to either swear out an attachment or replevin; that he found $45 worth in his saloon; that he intended either to attach or replevy the goods; that Mrs. Herbert came in, and plaintiff told her of his intention to attach or replevy if he was not paid; that Mrs. Herbert told him to leave the cigars and she would see that he was paid; and that relying upon her promise, he left the cigars in her place.

Appellant testified that August 20, 1892, she loaned to Martin B. Herbert, her husband, $4,900, which he borrowed for the purpose of purchasing a saloon from one Frank G. Kellner; that her husband purchased the saloon, and that after he had been running it about a year, she found that he was getting in debt and there was no prospect of his being able to pay her; that she asked him to give her a deed of the saloon, which he did August 21, 1893; that she then took possession of the saloon and kept it open for the purpose of selling it as soon as possible; that she knew nothing of the sale by appellee to her husband of any cigars; that appellee came to the saloon shortly after she had taken possession and asked her if he might take his cigars, and she told him that if she should permit every one to take goods who claimed that her husband owed him she would have nothing left, and also told appellee that her husband would undoubtedly pay him; that nothing was said about attachment, replevin, or any kind of lawsuit; that appellee did not, in the justice's court, claim or testify that she had promised to pay her husband's debt if he would not attach, nor did he ever so claim until the then trial; that after she sold the saloon appellee came to her house and asked her where her husband was, but said nothing to her about the debt; that she told him where her husband was, and he went to her husband and made a demand on him for payment.

Appellee produced and put in evidence five promissory notes, each of date August 20, 1892, made by her husband, payable to her order, four for $1,000 each and one for $900, payable respectively in one, two, three four and five years,

with interest at six per cent per annum; also a paid check for $4,200 of date August 24, 1892, drawn by appellant on the Bank of Commerce to the order of Frank G. Kellner, which appellant says was drawn to Kellner's order by her husband's request; also a bill of sale from her husband to her dated August 21, 1894, of the saloon, fixtures and stock. Appellant further testified that before drawing the check above mentioned she had advanced to her husband $100 to pay Kellner on account.

Martin B. Herbert, appellant's husband, testified that he borrowed from his wife the money evidenced by the above-mentioned notes, and identified a receipt from Kellner reading as follows:

"Chicago, August 20, 1892.

Received of H. B. Herbert one hundred dollars ($100) on account of sale of saloon No. 734 Larrabee St. Amount of sale $4,400; balance to be paid when lease is transferred, which is $4,300.

Frank G. Kellner."

Witness further testified that after taking the above receipt he paid the balance of the purchase money of the saloon, and received from Kellner a bill of sale of the saloon, fixtures and stock, which he identified, and which was put in evidence. The witness further testified that he purchased stock with the balance remaining of the money loaned him by his wife, in excess of the amount paid for the saloon; that appellant never had anything to do with the saloon, and never was in it, before he made the bill of sale to her; that he, witness, had paid appellee $5 at each of two different times, and yet owed $55; that he was present at the trial in the justice's court, and that appellee did not then testify that appellant promised to pay the debt if appellee would not attach; that he merely testified on that occasion that he had called on appellant, and found his cigars in the place, and asked appellant if he might remove them, and she refused. The witness further testified that at the time appellee called at the saloon he, witness, had gone to Waukegan for a three days' absence on a hunting expedition.

The only evidence offered by appellee in rebuttal was that of William Benzing, who testified that he was present when appellee called at the saloon; that witness and appellee looked for appellee's cigars and found them; that appellee counted them, and then appellant and appellee went into a side room, but that he, witness, did not know what conversation occurred between them.

M. SALOMON, attorney for appellant.

FITCH & DUHA, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The claim of appellee, plaintiff in the trial court, is based solely on his evidence that appellant promised that if he, appellee, would not attach or replevy the cigars, "she would see that he was paid." There is no evidence tending in the least to cast suspicion on the dealings between appellant and her husband; her loan to him of the money to purchase the saloon and stock, his purchase of the same in his own name with the money so loaned, his running in debt in the saloon business, and his bill of sale of the saloon and stock to appellant.

Appellant having loaned money to her husband, her position in regard to him, as his creditor, was precisely the same in law as would have been that of any other creditor under the same or similar circumstances. Rudershausen v. Atwood, 19 Ill. App. 58, and cases cited.

Appellee does not claim that he sold the cigars on appellant's credit, or that he had any dealings whatever with her. His language is, that he was in the cigar business; that he had been dealing with Martin B. Herbert for about two years, selling his cigars; that Martin B. Herbert ran a saloon at No. 221 Lincoln avenue, and that in the early part of the year 1893, he owed plaintiff $60 for cigars that had been sold and delivered to him.

Appellee was the sole witness as to the alleged promise of appellant. She expressly denied that she made any such

promise, or that she had any conversation with appellee about attachment, replevin, or any kind of lawsuit. She and her husband both testified that on the trial before the justice, appellee appeared as a witness, and did not testify or claim that appellant promised to pay, or see paid, her husband's debt, if appellee would not attach or replevy. Assuming this to be true, it is strongly corroborative of appellant's testimony that she did not so promise. If appellee testified before the justice that appellant so promised, this might have been easily proved, but appellee neither produced witnesses to prove it, nor did he himself testify, as he had ample opportunity to do, that he so testified before the justice. We are of opinion that the preponderance of the evidence was against appellee on the question of fact, viz., whether appellant promised as appellee claimed. But even though she did so promise, appellee can not recover. Appellee's testimony is that appellant came in and he told her of his intention to attach or replevy if he was not paid, and that she told him "to leave the cigars and she would see that he was paid." Assuming that this was an express promise of appellant to pay, which, to say the least, is doubtful, it was not in writing, and being a promise to pay the debt of another, a consideration was necessary to its validity. Appellee's counsel contend that, as between the parties, it was a compromise of a doubtful right, and this was a consideration sufficient to support the promise. But appellee claimed no right as against appellant. His claim was against her husband, and the question whether he could lawfully attach or replevy her property for her husband's debt was not at all doubtful. On the contrary, it was clear that he could not. "An agreement to forbear, for a time, proceedings at law or in equity, to enforce a well-founded claim, is a valid consideration for a promise. But this consideration fails if it be shown that the claim is wholly and certainly unsustainable at law or in equity," etc. 1 Pars. on Cont. (6th Ed.), 440–444; Heaps v. Dunham, 95 Ill. 583, citing 1 Chitty on Contracts, 35; Vehon v. Vehon, 70 Ill. App. 41.

We think it clear from the evidence that neither attachment nor replevin of any part of appellant's stock, for appellee's claim against her husband, could have been sustained. The judgment will be reversed.