### SYKES v. CITY SAVINGS BANK.

1. LOANS—HUSBAND AND WIFE.
> The rule that, if one gives another money at his request, the law will imply a promise to repay, applies, where there are no circumstances tending to show a different understanding, to a husband who receives money from his wife.

2. CONTRACTS—EVIDENCE.
> A wife's testimony that moneys advanced by herself to her husband were so advanced upon the "understanding" that she was to be repaid therefor may be treated, in the absence of objection or cross-examination, as though she had testified to an "agreement" to the same effect.

3. GIFT — ADVANCES OF MONEY — ANTICIPATED REPAYMENT — ESTOPPEL.
> Money advanced by a wife to her husband with the expectation that he should repay it, but without express agreement as to the time of repayment, will not be treated as a gift, unless under circumstances amounting to an estoppel.

4. GARNISHMENT—OWNERSHIP OF FUND—INSTRUCTIONS.
> In garnishment against a bank to reach moneys deposited in the name of the debtor's wife, the fact that, the bank having paid the fund to the wife after service of the writ, the loss, in case plaintiff should prevail, would fall upon the bank, and not the wife, is not one that the parties are entitled to have brought to the attention of the jury in the instructions.

115 Mich.—21.

Error to Wayne; Lillibridge, J.   Submitted November 6, 1897.   Decided December 15, 1897.

Garnishment proceedings by John Sykes against the City Savings Bank, as garnishee of John Bommer.   From a judgment for defendant, plaintiff brings error.   Affirmed.

*Bowen, Douglas & Whiting*, for appellant.

*Frank D. Andrus*, for appellee.

HOOKER, J.   John Bommer was indebted to the plaintiff on a judgment recovered before a justice in 1883; and this judgment was sued in the circuit court, and a judgment was rendered there, October 13, 1894, for $505.41, damages and costs, on which date the defendant was garnished.   Its disclosure stated that it was not indebted to Bommer, and that it had no property belonging to him in its possession or under its control; whereupon an issue was framed, and the question went to a jury, a verdict being found in favor of the defendant.   The plaintiff has appealed from the judgment.

An outline of the facts disclosed by the testimony is as follows, viz.: Bommer was a brewer, and opened an account with the defendant by depositing on September 1, 1890, the sum of $3,230.   This account was closed on July 7, 1894, by the withdrawal of his balance of $343.58, which was paid to him in cash.   During the period mentioned, Christina Bommer, his wife, sometimes made deposits to her husband's credit; but she never drew upon the account, or had any control over the money deposited. On receiving this sum of money ($343.58), Bommer paid it to his wife, who deposited it to her credit upon the same day that it was drawn from the bank by her husband.   It is claimed upon behalf of the plaintiff that this was a voluntary transfer by Bommer, and is void as against the plaintiff, and that the fund may be reached by garnishment, as the money of Bommer.   The learned circuit

judge submitted to the jury the question whether this transfer was voluntary. It is contended by the plaintiff that this was error, for the reason that the undisputed testimony showed it to be such.

The testimony offered on behalf of the plaintiff—for none was offered upon behalf of the defendant—shows that some years before this proceeding was commenced, but while Bommer owed the plaintiff, he (Bommer) bought a homestead for $2,150, title to which was taken in the names of himself and wife. This was paid for by a check upon the bank at a time when he had a balance to his credit of $4,600, as appears by the bank books, which plaintiff introduced. Subsequently a house and lot were purchased, and title taken in the names of Mrs. Bommer and Mr. Bommer's mother. Bommer and wife borrowed $500; giving the defendant bank a joint note for $500, secured upon the homestead. This note was given upon September 12, 1891. Mrs. Bommer testified that, at the time of the purchase of the house and lot, Bommer's mother wanted the deed made to her, because she had furnished Bommer with money. After this time, Mrs. Bommer collected the rents from this property, amounting to $19 a month, and Bommer allowed her from $12 to $20 a week to provide for the family. From these sources she saved something, which after a time she was in the habit of letting her husband have upon request, and he used it in business. At first she deposited it in the bank to his credit, for she had no bank account. She admitted that she did not keep track of the amount, but says it exceeded the amount paid to her, and she also said that he made no express promise to repay her. She testified that this was her own money, and that he owed her for it, and that such was the understanding between them, and that she "saw that he was failing in business right along, and losing money, and she told him she wanted her money back,   *   *   *   to pay off the [$500] mortgage," and he gave her the sum mentioned, and it was used, with money that she subsequently deposited, for that purpose.

. It is urged that this testimony does not show a promise to repay, or the recognition of contract relations; and cases are cited to support the proposition that when a woman allows her husband to use her money in his business, or gives it to him for that purpose, the law will presume that it is a gift. We do not question the fact that a wife may give her property to her husband, 'and the inference that it is a gift may be drawn from circumstances; but we doubt the proposition that the law will presume it a gift in all cases where there is an absence of an express promise by the husband to repay. The usual rule is that, if one gives another money at his request, the law will imply a promise to repay; and we see no injustice in applying the rule against a husband, where there are no circumstances tending to show a different understanding between the parties. This court has frequently held that the presumption of the law is against a gift by the wife to the husband, and the burden of proving it is upon him. *Durfee* v. *McClurg*, 6 Mich. 223; *Penniman* v. *Perce*, 9 Mich. 509; *Wales* v. *Newbould*, Id. 45; *Jenne* v. *Marble*, 37 Mich. 319. In *White* v. *Zane*, 10 Mich. 333, it was held that such a gift must be established by some other evidence than that of use and possession by him, permitted by her. It is true that the case did not involve money belonging to the wife, but specific chattels; but we see no reason for discrimination against money, when we consider that the uses to which money is adapted do not ordinarily permit the return of the identical money used.

The wife testified to the understanding between her husband and herself. While, in a sense, the word "understanding" may be said to involve a conclusion, it is an ambiguous term, and is sometimes used as synonymous with "agreement." Technically, the court should determine what was understood or agreed by the parties from what was said; but where, as in this case, the ambiguous statement is made without objection or cross-examination,

with a view to ascertaining what is meant by the term, we think it should go to the jury.

The charge of the court is criticised upon the ground that it allowed the question to turn upon Mrs. Bommer's expectation.   He said:

"If she loaned the money to him with the expectation that he should repay it, although the time when it should be repaid may never have been mentioned, then I charge you, gentlemen of the jury, that he was right in returning to her the $343.   But, if you find that she gave the money to him without expectation of its being paid, then she would not be entitled to have it repaid."

In view of the presumption against gifts by the wife, and the *onus* being upon the husband to establish it, we think this was not error.   It certainly cannot be that a wife's property can be disposed of by her, as a gift, without an intention to give.   She may possibly be estopped from denying that it is a gift in some cases, but that question is not here.

The court left the jury no alternative but to find a verdict for the plaintiff, if they should determine that Mrs. Bommer's husband did not owe her,—in other words, if they found that he was not under obligation to repay her for the money saved by her, and which she allowed him to use; but it is contended that this question should not have been submitted to the jury, for the further reason that the money that she saved was his, and not hers. In short, the plaintiff's contention was, as aptly stated in the appellee's brief, that—

"John Bommer had no right to purchase the homestead in the joint names of himself and wife; that the homestead really belonged to himself alone; that the $500 borrowed on the homestead really belonged to him, and consequently the property purchased with it also belonged to him, and that, therefore, the rents belonged to him; and that he therefore owed his wife nothing, and the money ($343.58) paid by him to her was without consideration."

Counsel complain of the refusal of the court to give the following requests:

"This action is one between Sykes and the City Savings Bank, and one in which Mrs. Bommer is in no way interested, except as a witness. She has been voluntarily paid by the bank the money standing to her credit, and therefore the bank cannot recover from her that amount. She can lose nothing, no matter how your verdict may be. * * *

"The only testimony in this case regarding the payment by Mrs. Bommer of the note held by the bank is the testimony of Mrs. Bommer to the effect that the note was paid; and, as the note was paid, she had no interest in the result of this suit, for, if your verdict should be against the bank, it could not recover from her, as the moneys on deposit at the time of service of this writ of garnishment have been voluntarily paid to her, or allowed as payment on the note, after the writ of garnishment was served."

These requests had no legitimate bearing upon the case. The defendant certainly could not escape liability by reason of a payment to one not entitled to the money; and the fact, if it were one, that the bank, who ought not, and not the wife, who ought, to pay this claim, if the plaintiff was right, could be made to stand the loss, was not a proper fact to have weight with the jury.

We think the questions raised are covered by the foregoing. The judgment is affirmed.

The other Justices concurred.