ROBERTS *v.* GRIFFITH, administrator.

1. Where in the division of her father's estate a married woman was entitled-to certain lands, and her husband insisted that the deed thereto by the other heirs should be made to the husband and wife jointly, and the wife assented ; and where the evidence shows that, after the deed was so made, both of them occupied the land, but that the husband never claimed ownership of any part of or interest in the land, whether the wife, by assenting to the naming of her husband as one of the grantees in the deed, intended to give him a half interest in the property, or merely assented to his demand as a caprice on his part and without intending it as a gift, was a question for the jury and not for the judge. It was therefore error to hold that the above facts constituted a gift, and to direct a verdict accordingly.

2. The fact that the husband put valuable improvements upon the land is immaterial, when it appears that he did so without claiming any ownership or interest therein.

Argued October 6, — Decided October 31, 1900.

Levy and claim. Before Judge Janes. Haralson superior court. January term, 1900.

*Edwards & Ault,* for plaintiff in error.
*E. S. Griffith,* contra.

SIMMONS, C. J. Long prior to the year 1886, Dean died seized and possessed of certain lands. His widow occupied them until her death, about the year 1886. After her death the heirs agreed to divide the lands among themselves. A certain part of them was assigned to Mrs. Rowell, one of the daughters of Dean. When the other heirs came to make the deed, her husband insisted that his name should be put in the deed as joint grantee with his wife, and refused to move upon the land unless this was done. To induce him to live upon the land, the wife assented to his being named as one of the grantees. The deed was so made, and husband and wife moved upon the place. The husband put some valuable improvements upon the land, cultivated it, and received the rents. Subsequently Mr. and Mrs. Rowell moved to Texas, and the land was sold

to Roberts, Mrs. Rowell alone signing the deed. An execution against Rowell was levied upon a one-half interest in the land, and Roberts filed a claim. The execution was founded upon a note the consideration of which was a horse. The note had been secured by a mortgage on the horse. The credit was not extended on the faith of Rowell's owning any interest in the land. On the trial of the claim case, these facts were made to appear, and also that Rowell had never claimed any ownership or control of the land as his own property, and that Mrs. Rowell had never regarded the in-. sertion of her husband's name in the deed as giving him any interest in the property conveyed. The trial judge decided that the assent of the wife to the insertion of the husband's name as joint grantee constituted a gift to him by her of a one-half interest in the land conveyed. He accordingly directed a verdict in favor of the plaintiff in fi. fa., finding the property subject. The claimant excepted, and assigned error upon the ruling of the judge.

1. We are clear that the judge erred, and are inclined to think that the jury should have been allowed to determine whether or not the facts in evidence showed a gift by the wife to the husband. To constitute a valid gift, there must be an intention to give on the part of the donor. Civil Code, § 3564. The jury should have determined whether, under the facts proved, Mrs. Rowell intended to give an interest in the land to her husband, or whether she assented to the insertion of his name in the deed in order to humor his caprice and induce him to go with her upon the land but without any intention on the part of either that there should be a gift. If the latter was the state of the case and no gift was intended, then the fact that the husband was named as a grantee would not authorize the subjection of the land to the payment of his debts by a creditor who did not extend credit on the faith of the apparent ownership. While it is true the legal title to a one-half interest was put in the husband by the deed, yet, if the wife did not intend to give him any interest and he did not accept it as a gift, the equitable title would be in her. The facts constituted, as to this half interest, something in the nature of a resulting trust in her favor, and the husband held for her benefit. He was the head of the family and seemed to be in possession and control of the land; but, if the land was his wife's property, this possession and control could be explained by evidence.

2. The fact that the husband put valuable improvements upon the land would be immaterial if he claimed no ownership or interest in it; for no estoppel can arise in favor of one who improves land which he knows to belong to another and in which he claims no interest. This is especially true in the present case, for the husband seems to have been fully compensated for the improvements by the rents and profits which he received.

3. The case as a whole presents questions for the jury; and we think, therefore, that the judge erred in deciding them as questions of law and in directing a verdict in accordance with his decision.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*