ROSA E. CARTER et al. v. DANIEL BECKER.

No. 13,687.    (77 Pac. 264.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—Instructions to Jury after Retirement a Matter of Discretion—When Reviewable. The district court has a large discretion in the matter of giving additional instructions after the jury has retired for deliberation. It may supplement the original charge whenever confident that no substantial right will be infringed and that the ends of justice will be best subserved by doing so, and only in case of abuse, resulting in injury, will an exercise of such discretion be reviewed.

2. TITLE AND OWNERSHIP—Amicable Division by Heirs—Deed to Husband of Heir Presumed a Trust, Not a Gift. If the heirs of an estate, three in number, one of whom is a married

· woman, make an amicable division of the real property they have inherited, and for the purpose of consummating such arrangement meet and exchange deeds to the end that each one shall receive from the others a conveyance for a two-thirds interest in the land he is to own in severalty, and after the woman's death it be discovered that the deed of her coheirs to her share of the land is in the name of her husband, the law will presume, in the absence of evidence to the contrary, that the husband took the deed for the use and benefit of his wife and not as a gift from her.

3. ——— *Ejectment by Heirs of Wife against Grantee of Husband—Burden of Proof.* In an action of ejectment for the recovery of land so deeded, brought by the deceased wife's children against her husband's grantee, the burden is upon the plaintiffs to establish the fact that the deed was of the wife's separate property; but when that fact appears, whether the deed was taken in the name of her husband with the wife's consent or not, it devolves upon the defendant to establish that a gift was intended, and not a trust.

4. ——— *Intention of Wife to Make a Gift is a Question for the Jury.* In such an action the question of an intention on the part of the wife to give to her husband a two-thirds interest in the land is one of fact for the jury, to be determined in the same manner as questions of fact in other cases.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 11, 1904. Reversed.

*David Overmyer*, for plaintiffs in error.
*M. T. Campbell*, for defendant in error.

The opinion of the court was delivered by

BURCH, J. : In his lifetime John Cunningham was the owner of a tract of land in Shawnee county. When he died he was a widower, and he left no will. His heirs at law were his married sons, John W. and Christopher, and his daughter, Martha, married to Mitchell West. These children entered into an amicable arrangement for a division of the land their father had left them, and for the purpose of consummating such arrangement they met, according to a previous

appointment, at the office of an attorney at law in the city of Topeka and exchanged deeds which he had prepared, to the end that each one should receive from the others a deed for a two-thirds interest in the land which he was to take in severalty. One of these deeds was made to Mitchell West instead of to Martha, his wife. This deed was placed of record, and the respective parties entered upon the separate possession and enjoyment of their respective portions of their patrimony. Mrs. West and her children occupied the land conveyed to her husband, with him, as their homestead, until the time of her death, which occurred in 1885. She died intestate, leaving two minor children, the plaintiffs in the district court. Two other children had died in infancy some years before.

At the time of her decease Mrs. West was the undisputed owner of one-third of the land she occupied, since that interest was not affected by the deed of her brothers to her husband. Under the law of descents and distributions, as it then stood, Mitchell West inherited one-half of this one-third interest as her surviving husband, and also inherited one-half of the other half of such one-third as the heir of his two deceased children. The plaintiffs inherited the remaining one-twelfth of the land.

In February, 1895, Mitchell West and a second wife made a warranty deed of the land to Daniel Becker, the defendant in the district court, and delivered its full possession to him. The plaintiffs, from birth until the time the land was sold, resided upon the premises with their father. At the date of the sale one of them had barely reached her majority, while the other was some three years younger. They subsequently married brothers, and in the year 1901 brought suit to recover possession of the land, not

only claiming the one-twelfth interest which unquestionably belonged to them, but asserting as well that their mother was the owner of the entire interest described in the Cunningham deed to Mitchell West; that they inherited a portion of this interest from her; and that the defendant purchased with notice of their rights. Upon a trial the jury awarded the plaintiffs one-twelfth of the land and judgment was rendered accordingly. Error is assigned with respect to the conduct of the proceedings in the district court.

After the jury had deliberated for some time upon the case they asked for further instruction upon a proposition of law. The court responded with a full exposition of the doubtful matter, and it is now urged that the court had no authority to instruct at length at that stage of the proceeding. The instruction was not a virtual substitute for the charge already given, was not given in a manner calculated to mislead the jury, and did not leave them to infer that they should certainly find in a particular way for one of the parties. Hence, it does not fall within the ban of the case of *Foster v. Turner*, 31 Kan. 58, 1 Pac. 145. The court has a large discretion in the matter of giving additional instructions after the jury have retired for deliberation, and may supplement the original charge whenever confident that the ends of justice will be best subserved by doing so. A judicious exercise of the right tends to the sure and efficacious administration of the law. Even in a criminal case the court may, of its own motion, give the jury additional instructions to meet any difficulty which may present itself to their minds (*The State v. Chandler*, 31 Kan. 201, 1 Pac. 787), and only in case of abuse, resulting in injury to some substantial right, will an exercise of such discretion be reviewed.

The evidence introduced to account for the appearance of Mitchell West's name in the deed was very unsubstantial and unsatisfactory.   So much either of uncertainty or of improbability attached to every explanation offered that it was evident that the jury might be compelled to disregard them all, and view the case as one in which a husband is found in the unexplained possession of a deed apparently investing him with title to land allotted to his wife as her portion of her deceased father's estate.   By using the knowledge which the jury possessed in common with mankind, it was possible for them to draw a rational conclusion that Mrs. West did understand and assent to the form of the deed as it was actually prepared, signed, delivered, recorded, and preserved.   But it was not possible for them to say whether Mrs. West intended to give the land to her husband, or whether it was understood that he should hold it for her or for her infant daughters or for some other purpose.   Under these circumstances it was of the utmost importance that the jury be instructed fully and accurately with reference to the interpretation the law itself would place upon the transaction, in the absence of explanatory facts.

The court said that, *prima facie*, the deed to Mitchell West was what it purported to be upon its face, and was made to the person intended; that, unexplained, the result of the transaction showed what it was, and that, *prima facie*, the grantee in the deed was the owner of the property, because all transactions are presumed to be rightful and honest and fair.   This instruction ignored the conceded fact that the property dealt with was derived by Martha West from her father by descent, and that upon segregation it became her sole and separate estate, not subject to the disposal

of her husband or liable for his debts. (Married-woman's-property act, Gen. Stat. 1901, § 4019.) In such cases the law is now well settled that the husband is presumed to hold the land in trust for his wife's benefit, in the absence of proof that she intended it as a gift to him. (*Stickney v. Stickney*, 131 U. S. 227, 9 Sup. Ct. 677, 33 L. Ed. 136 ; *Grabill v. Moyer et al.*, 45 Pa. St. 530 ; *Bergey's Appeal*, 60 id. 408, 100 Am. Dec. 578 ; *Adoue v. Spencer*, 62 N. J. Eq. 782, 49 Atl. 10, 56 L. R. A. 817, 90 Am. St. Rep. 484 ; *Jones v. Davenport*, 44 id. 33, 46, 13 Atl. 652 ; *Sykes v. City Savings Bank*, 115 Mich. 321, 73 N. W. 369, 69 Am. St. Rep. 562 ; *Wales v. Newbould*, 9 id. 45, 64 ; *Chadbourn v. Williams*, 45 Minn. 294, 47 N. W. 812 ; *McNally v. Weld*, 30 id. 209, 14 N. W. 895 ; *Denny et al., Executors, v. Denny,* 123 Ind. 240, 23 N. E. 519 ; *King, Adm., v. King*, 24 Ind. App. 598, 57 N. E. 275, 79 Am. St. Rep. 287 ; *Jackson v. Kraft*, 186 Ill. 623, 58 N. E. 298 ; *Patten v. Patten*, 75 id. 446 ; *Toms v. Flack*, 127 N. C. 420, 423, 37 S. E. 471 ; *Smyley v. Reese*, 53 Ala. 89, 101, 25 Am. Rep. 598 ; *Houston v. Clark*, 50 N. H. 479 ; *Berry v. Wiedman*, 40 W. Va. 36, 20 S. E. 817, 52 Am. St. Rep. 866.)

By the adoption of the married-woman's-property act it was intended, primarily, that the law should be changed rather than that the conduct of husbands and wives should be greatly altered. The law was designed to secure to the wife, without additional effort or precaution on her part, that which before, under the same circumstances, might have become her husband's because of his marital rights or because of her incapacities ; and it would amount to a virtual defeat of one of the beneficent purposes of the statute if the wife were obligated to take security from her husband whenever he should receive for any purpose a por-

34—69 KAN.

tion of her separate property.   Therefore, in a contest
the law will not permit the husband, or those claim-
ing under him, to rest with the production of the or-
dinary *indicia* of title—the possession of goods, of
money, of promissory notes properly indorsed, of
bonds payable to bearer, of shares of stock duly as-
signed, or of deeds of land—but will require proof of
a gift or of a purchase for value.

The law was clearly perceived and forcefully stated
by Mr. Justice Strong, of the supreme court of Penn-
sylvania, in a case relating to personal property :

"When the act of assembly declares, as it does,
that all property, real, personal, and mixed, which
shall accrue to any married woman during coverture,
by will, descent, deed of conveyance, or otherwise,
shall be owned, used and enjoyed by such married
woman as her own separate property ; when the lead-
ing purpose of the act is to protect the wife's estate by
excluding the husband, it is impossible for us to de-
clare that the mere possession of it by the husband is
proof that the title has passed from the wife to him.
After it has been shown, as it was in this case, that
the property accrued to the wife by descent from her
father's and brother's estates, the presumption neces-
sarily is that it continued hers.   In such a case, it lies
upon one who asserts it to be the property of the hus-
band, to prove a transmission of the title, either by gift
or contract for value, for the law does not transmit it
without the act of the parties.   If mere possession were
sufficient evidence of a gift, the act of 1848 would be
useless to the wife."  (*Grabill v. Moyer*, supra.)

In the case of *Adoue v. Spencer*, supra, the rule was
stated to be as follows :

. "The burthen is on the wife to establish that her
husband took and used her separate estate ; but when
that fact is established, whether such taking was with
or without her consent, the burthen then shifts, and
those claiming that such taking and use was by gift
of the wife must establish such gift to the husband."

And the subject was summarized in that case in the following manner :

"Since 1848, which was about the year of, the beginning of the statutory creation of the wife's separate property rights, the trend of the decisions in all the states has been toward the rule here contended for.   It can safely be said that, with scarcely an exception, the supreme court of the United States and the courts of last resort of all the states have held that as to the principal of the wife's separate estate, taken into the possession of a husband and used by him, he or his personal representative is bound to account to her, and that to sustain a refusal to so do, or to relieve from equitable liability to so do, the burthen is on him to establish that he received such property as a gift from her.   His mere possession of it will not imply such a gift any more than it would from a like receipt from any other person.   There appears no good reason either in law or morals why such should not be the rule."

It is true the law still has regard for the unity of husband and wife, and while it permits, it does not compel, separate estates in property, and there is nothing to prevent the wife from giving her property to her husband or from using it for the benefit of the family.   But if husband and wife be one, the husband may no longer arrogate to himself the right to be that one, and the wife should not be held to have given him her separate estate unless an intention to give appear.

In determining the question of an intent to give some courts insist that the transaction should be scrutinized with great care, and that the husband should show by the clearest evidence that a gift was freely intended and deliberately made.   (*Boyd v. De La Montagnie*, 73 N. Y. 498, 27 Am. Rep. 197.)   This is a survival of the presumption of undue influence under the common-law doctrine that terror of her husband

is a married woman's natural felicity, and that co-ercion and domination of a woman by a man are the certain signs of connubiality. In other jurisdictions but slight evidence is required to show a gift, and upon proof of acquiescence by the wife in the use of her property by her husband for a considerable period of time the law presumes a gift. This is a survival of the theory that everything the wife does not keep chained the rapacious husband may appropriate.

The question of an intention to give is one of fact. It may be established by direct or by circumstantial evidence. The relation of the parties should be duly considered. The freedom of the wife to supply the wants of the family or to aid the enterprises of her husband, the circumstances under which he obtains, uses, manages or disposes of her property, her acqui-escence in his conduct. the control which she retains, the lapse of time, her failure to call him to account, and many other facts all bear upon the question, but its determination in an action at law is for the jury. (*Roberts v. Griffith, Administrator*, 112 Ga. 146, 37 S. E. 179 ; *Martin v. Jennings*, 52 S. C. 371, 37 S. E. 807 ; *McLure v. Lancaster*, 24 id. 273, 58 Am. Rep. 259 ; *In re Schmidt's Estate*, 56 Minn. 256, 57 N. W. 453.) In *Roberts v. Griffith*, supra, the syllabus reads :

"Where in the division of her father's estate a mar-ried woman was entitled to certain lands, and her hus-band insisted that the deed thereto by the other heirs should be made to the husband and wife jointly, and the wife assented ; and where the evidence shows that, after the deed was so made, both of them occupied the land, but that the husband never claimed ownership of any part of or interest in the land, whether the wife, by assenting to the naming of her husband as one of the grantees in the deed, intended to give him a half-interest in the property, or merely assented to his de-mand as a caprice on his part and without intending

it as a gift, was a question for the jury and not for the judge. It was therefore error to hold that the above facts constituted a gift, and to direct a verdict accordingly.''

A single statement made *arguendo* in the opinion in the case of *Hunt v. Spencer*, 20 Kan. 126, might be taken to warrant a presumption of gift under certain exceptional circumstances, but an examination of the decision as a whole plainly shows that it was based upon a preponderance of evidence, contradictory of any purpose on the part of the wife ever to reclaim her funds. It was said :

''Now the facts as found in this case exclude the idea of any loan. They would tend strongly in the same direction if the parties were strangers, and not husband and wife. There was no account or statement of indebtedness, no agreement or understanding that it should be treated as a loan, or ever repaid. If the parties did not consider it a loan, why should the law be now invoked to so regard it? It is evident that the wife permitted the husband to take and use this money, not with the idea of his having a separate estate and separate interests, and of making a loan to him, but regarding her interests and his as one, and in furtherance of that single interest, and to promote the common good of the family.''

Since weight of evidence and not a presumption controlled the decision, it is in harmony with the well-settled and modern doctrines of the law.

In the case at bar the rights of creditors are not involved, and could scarcely arise, because the land was occupied as a homestead until it was sold to the defendant. Of course, the plaintiffs cannot recover without proving to the satisfaction of a jury that the defendant purchased in defiance of notice of their rights.

The district court instructed the jury correctly upon

the law of descent as it existed prior to 1891, and the case of *Dayton v. Donart*, 22 Kan. 256, declares that the title to a homestead descends in the same manner as does the title to other real estate, subject only to the right of occupancy by those entitled to the homestead privilege. Therefore, the assignments of error upon those matters are not well taken.

However, for the error in the instruction relating to the presumption attending the West deed, the judgment of the district court is reversed, and the cause is remanded for a new trial.

All the Justices concurring.