No. 28,418.

I. M. McGinnis, *Appellee*, v. E. E. McKnight, as Sheriff, etc., *Appellant*.

(273 Pac. 439.)

Opinion filed January 12, 1929.

*Arch F. Williams*, of Wichita, for the appellant.

*Walter F. McGinnis, Jr.*, of El Dorado, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a wife to enjoin sale of her land on execution against her husband. Plaintiff prevailed, and defendant appeals. The question is whether there was evidence to sustain the judgment.

In 1913 the plaintiff, I. M. McGinnis, was owner of the land in controversy. She and her husband, W. F. McGinnis, had occupied it as a homestead since 1906. In 1913 a tax deed was taken out by E. D. Stratford, who deeded to the Citizens State Bank of El Dorado in June, 1915. On March 14, 1916, the bank quitclaimed to W. F. McGinnis. He testified that as agent for his wife he transacted business concerning various pieces of property, the legal title to which was in his wife; but the bank's quitclaim deed was not made to him under his direction, and he did not know the deed named him as grantee until he received it. There was no evidence of gift to him by his wife, or of purchase for a valuable consideration from his wife, and *prima facie* the transaction with the bank constituted a redemption from tax sale.

In March, 1924, a tax deed of the tract was issued to R. H. Hazlett, who in 1925 quitclaimed to W. F. McGinnis and I. M. McGinnis. Hazlett was connected with the El Dorado National Bank, and Mrs. McGinnis and her husband were indebted to Haz-

lett, or to the bank. Neither Hazlett nor the bank had a lien on the land, but McGinnis could not pay the taxes, and he requested Hazlett to take out a tax deed. How it came about that Hazlett's deed named husband and wife as grantees is not disclosed. The deed was not delivered directly to McGinnis by Hazlett, but came into the possession of McGinnis, who recorded it. McGinnis did not know whether the indebtedness to Hazlett or the bank was paid at the time the quitclaim deed was delivered, and he testified he handled the transaction as he did other transactions involving property in his wife's name. It is familiar law that a husband may not divest his wife of title to her land by taking a tax deed to himself. If he occupies the additional confidential relation of financial agent of his wife, he may not have the land purchased at tax sale for protection, and then take title to himself by deed from the purchaser.

It is contended McGinnis had full charge of the property and business affairs of his wife as her agent; he did take title to the tract in controversy, once the entire interest, and afterward a half interest; there is no presumption he acted without authority, and there is no evidence to indicate repudiation of his conduct by his principal. The answer to the contention is this: There is no evidence that title was originally taken in the name of the wife to defraud her husband's creditors, or for other wrongful purpose. Her ownership having been established, it presumptively continued unless transmitted to her husband by her act, either by gift or by contract for value. There is no presumption of authority on the part of an agent to manage and control, to give or to sell his principal's property to himself. Such a disposition is not one of agency. There was evidence enough that the wife permitted her husband to manage her property in his own way, but there was no evidence that she ratified a management and control that deprived her of ownership. When her ownership was invaded by seizure on execution against her husband, she asserted her rights. The judgment creditor could appropriate only what the judgment debtor owned; and when manipulation by the husband of property admittedly belonging to his wife was established, it devolved on the judgment creditor to prove that beneficial title had passed to the husband with the legal title. (*Carter v. Becker*, 69 Kan. 524, 530, 77 Pac. 264.)

The judgment of the district court is affirmed.