King, Administrator, *v.* King.

[No. 3,118.    Filed May 10, 1900.]

Husband and Wife.—*Separate Property of Wife.*—*Gifts.*—Where the husband took possession of property belonging to his wife, with her consent, and treated it as his own, without any express promise to repay, it will be presumed that it was not a gift, but that the husband took the property as trustee for his wife.   *pp. 598-601.*

Same.—*Separate Property of Wife.*—*Interest.*—Where money and other property belonging to the wife passed into the hands of her husband and was retained by him, with her consent, she is not entitled to recover against his estate a greater amount than the amount   . of the principal found to be due, where there was no agreement to repay the principal, or to pay interest thereon, and there was no demand made for the repayment.   *pp. 601-603.*

From the Morgan Circuit Court.   *Reversed.*

*E. S. Davis* and *W. Hickam,* for appellant.

*J. E. Henley, J. B. Wilson* and *O. Matthews,* for appellee.

Henley, J.—Appellee filed her claim against the estate of John R. King, her deceased husband.   The cause was tried by the court.   At the request of the appellant, the court found the facts specially, and stated its conclusions of law thereon.   Because of the fact that the vital question in the cause arises upon the special findings and conclusions of law, we set it out in full, viz.: "(1)   The claimant, Elizabeth V. King, is the surviving second wife of the decedent, John R. King.   They were married in November, 1873. She had been previously married to one Presley Buckner, and had by him three children, James M. Buckner, Thomas Buckner, and Nancy M. Buckner, who subsequently intermarried with William H. Hancock.   At the time of the marriage the ages of the children ranged from thirteen to twenty-one years; the oldest son then residing in Missouri, and the others in the family with the claimant and Mr.

King, where they remained some three or four years. Thereafter these children lived at various times in the states of Missouri, Kansas, Illinois, Tennessee, and in Monroe county, Indiana. The decedent also had five children by a former marriage, four of whom lived in the family of decedent and claimant for an uncertain period after their marriage; their ages ranging from seven to twenty years. (2) In January, 1874, the father of claimant died. His estate was settled and distributed without administration. The claimant received as her interest in said estate in February, 1874, the sum of $2,196, in the following items, to wit: Note of James Buskirk (brother of claimant) $1,846; note of Marion Carroll, $250; note of Fred K. Goss, $100. The settlement of claimant's interest in her father's estate was made with the decedent, John R. King, and all the above notes went into his hands. The Buskirk note, of $1,846, was given in lieu of land, and was made payable to John R. King. He afterwards took two notes of Joseph Hodge, of $500 each, in part payment of the Buskirk note, and received the residue, about $800, in a land trade with Buskirk. He collected the other notes, used the money in his business, loaned some of it out in his own name, and some $800 of it going into land of which he died seized. At various times during the marriage, upon the order and direction of his wife, the claimant, he paid out portions of said money to the children of claimant, and gave them certain property, which was to be credited upon the indebtedness to his wife. There was no accounting between them during his lifetime. During the marriage, and prior to his death, the decedent, John R. King, at the request and by the direction of the claimant, sent by draft, money order, or otherwise, and paid to the children of claimant, money, and delivered to them property, in the amount and to the value following, which said several sums are entitled to be credited and taken in part payment of the

$2,196 received by the decedent, belonging to the claimant; that is to say:

Amounts paid to and received by William H. Hancock:

| | |
|---|---|
| 1875, Bay mare delivered to him | $ 65 |
| 1877, September, Money sent to Illinois | 250 |
| 1880, September, Money sent to Illinois | 200 |
| October 12, 1882, By draft, Ex. G | 200 |
| February 2, 1881, Money order | 25 |
| Total | $740 |

Amount paid James M. Buckner:

| | |
|---|---|
| 1876, Amount paid Dr. Eastman | $100 |
| 1876, Amount paid Dr. Osgood | 50 |
| 1877, Horse and buggy received | 150 |
| 1879, Amount paid at home | 50 |
| 1881, March 5, By draft, St. Joe, Mo | 200 |
| 1896, March 7, Money order | 25 |
| 1896, December 26, Money order | 10 |
| Total | $585 |

Amount paid Thomas J. Buckner:

| | |
|---|---|
| 1877, Paid while at school at Bloomington, | $ 45 |
| 1878, Horse furnished | 85 |
| 1879, Draft to Mo | 200 |
| 1881, February 2, Money order | 25 |
| Total | $355 |
| Amount paid W. H. Hancock | $740 |
| Amount paid Jas. M. Buckner | 585 |
| Amount paid Thomas J. Buckner | 355 |
| Total | $1,680 |
| Amount received | $2,196 |
| Amount paid | 1,680 |
| Bal. principal unpaid | $516 |

(4) As to interest: Decedent is entitled to be charged with interest on the amount in his hands belonging to claimant at the rate of six per cent., to be calculated as upon a promissory note where partial payments had been made, except that from and after December 13, 1878, the date when decedent traded lands with James Buskirk in order that he might save the debt, and took $800 in land, interest should be counted only upon what remained then due and unpaid after deducting therefrom $800; the finding being that, upon this portion of the principal so invested in the land, interest should not, in equity, be calculated from and after December 13, 1878.

"Upon the foregoing special finding of facts, the court states as conclusions of law, that claimant is entitled to recover upon her claim herein; that there remains due and unpaid of principal and interest the sum of $1,875.80, which should be allowed as a claim against said estate of the seventh class, and which should be paid by the administrator out of any moneys or assets of said estate in his hands as other such claims are paid."

The facts found present a case where the property of the wife, the principal of the fund, passed into the hands of her husband with her consent, with no finding as to whether a gift was intended, or whether the husband received the money as her agent or trustee. The presumption is that it was not a gift. 2 Lewin on Tr., 778; Crawley's Law of Husband & Wife 268; Eversley on Dom. Rel. 409; *Wales v. Newbould*, 9 Mich. 45; *Jones v. Davenport*, 44 N. J. Eq. 33; *Hileman v. Hileman*, 85 Ind. 1; *Armacost v. Lindley*, 116 Ind. 295; *Denny v. Denny*, 123 Ind. 240. Under the facts, the court was warranted in holding that the husband took the property as trustee for his wife, although there was no express promise to repay. *Parrett v. Palmer*, 8 Ind. App. 356; *Garner v. Graves*, 54 Ind. 188.

It is insisted that the court erred in rendering judgment in appellee's favor for a greater amount than the amount

of the principal found due her. The amount of unpaid principal, according to the finding of the court, was $516. The difference between that amount and $1,875.80, the judgment rendered in appellee's favor, is made up by the accumulation of interest at six per centum for a long period of time. The question then is: Was appellee entitled to interest upon the fund in her husband's hands, under the facts found by the court? This was not a loan of money from the wife to the husband. There was no agreement to repay the principal, or to pay interest thereon. There was no demand made for the repayment of the money, and consequently no refusal. It is not a case of "money due on any instrument in writing, on an account stated from the day of settlement, or an account closed upon the day an itemized bill shall have been rendered and payment demanded, or on money had and received for the use of another, and retained without his consent." See §5200 Horner 1897. It is true that the court has found that the decedent should be charged with interest on the amount in his hands belonging to claimant at the rate of six per centum per annum, to be calculated as upon a promissory note where partial payments had been made. But this is a mere conclusion, not based upon any facts found which justify it. If by the finding it appeared that there was an agreement to repay the money, with interest, or that appellee had demanded the return of the money, and decedent had refused to repay it, or that the money was taken into decedent's possession without appellee's consent, and retained against her wishes, the interest charge might be sustained. If the court was to establish a rule permitting interest to be charged in cases presenting such facts as are presented by this case, a small amount of principal placed in the hands of the husband by the wife, without any intention upon her part at the time of ever demanding repayment or of treating the transaction as a debt, could, in the course of a long period of years, by the accumulations of interest, be

used by the wife as a means of wiping out an estate to the disadvantage of creditors and heirs. The special finding is silent as to any fact necessary to uphold a charge of interest. The facts found would entitle appellee to judgment for the amount found to be due her, after deducting the various sums which the finding shows the estate of decedent should have credit for. The judgment is reversed, with instructions to the court below to restate its conclusions of law, and render judgment in favor of appellee for $516. Robinson, J., dissents.