## HOLADAY *v.* RICKARD, EXECUTOR, ET AL.

### [No. 23,534.    Filed June 23, 1921.]

1.    APPEAL.—*Decedent's Estate.—Appeals.—Statutes.*—An appeal by a purchaser at an executor's sale from an order setting aside orders confirming the report of sale, ordering the execution of deed, etc., is governed by §2977 Burns 1914, §2454 R. S. 1881, and §2978 Burns 1914, Acts 1913 p. 65, regulating the manner of taking appeals from decisions growing out of any matter connected with a decedent's estate.    p. 688.

2.    APPEAL.—*Sale of Decedent's Realty.—Orders Setting Aside Prior Orders.—Finality of Determination.*—Where, during the progress of the settlement of a decedent's estate, the executor filed a petition asking the court to set aside orders confirming a sale of real estate and approving a deed thereto, and the purchasers made a motion to strike out the petition, and the court made findings of fact and an order setting aside the orders previously made, such order should be regarded as a final disposition of the matter presented by the petition and motion.    p. 688.

3.    EXECUTORS AND ADMINISTRATORS.—*Order Approving Sale of Decedent's Real Estate.—Vacation.—Offer to File Verified Answer and Cross-Complaint.—Time for Making.*—Where the court made an order setting aside its previous action in confirming an executor's sale of decedent's real estate, and three

days after the entry of such order the purchaser asked permission to file a verified answer and verified cross-complaint, alleging that he had complied with the court's previous orders, and denying the jurisdiction of the court to set aside such orders, the offer to file the answer and cross-complaint came too late, and the court's refusal to permit them to be filed was not error. p. 688.

4. APPEAL.—*Review.—Harmless Error.—Refusal of Permission to File Pleadings.—Questions Otherwise Presented.*—Where a motion to strike out an executor's petition seeking to have set aside orders approving the sale of decedent's real estate was sufficient to present all questions afterwards sought to be raised by the purchaser's proposed answer and cross-complaint, the court's refusal to permit the filing of the answer and cross-complaint was harmless. p. 689.

5. EXECUTORS AND ADMINISTRATORS.—*Sale of Decedent's Real Estate.—Equitable Title Pending Delivery of Deed.—Failure to Pay Purchase Price.*—Where an executor sold decedent's real estate and the sale was confirmed by the court and a deed approved but the purchaser refused for sixty days to complete the sale by payment of the purchase price, he had no vested interest in the property, the rule that the purchaser of real estate at a valid judicial sale which has been confirmed by the court and a deed ordered, and who has complied with the terms of sale, acquires an equitable title without an actual delivery of the deed, not being applicable. p. 689.

6. EXECUTORS AND ADMINISTRATORS.—*Sale of Decedent's Real Estate.—Purchaser's Default.—Setting Sale Aside.—Powers of Court.*—Where a sale of decedent's real estate by the executor had been confirmed and a deed ordered, but the purchaser had refused to pay the purchase money in compliance with the reported terms of sale, and the deed had not been delivered, and the purchaser's default in payment was brought to the court's attention by the executor in a petition to set aside the sale, the court was warranted in treating the matter as *in fieri* and setting aside its previous orders. p. 690.

7. EXECUTORS AND ADMINISTRATORS.—*Sale of Decedent's Real Estate by Executor.—Purchaser's Default.—Setting Sale Aside.*—Where a sale by the executor of decedent's real estate was confirmed by the court and a deed approved, but the purchaser for sixty days refused to pay the purchase price, the executor, regardless of any other remedy he may have had, pursued a proper remedy when he filed a verified petition setting forth the purchaser's default in payment and that the deed had not been delivered, and asking that the court's previous action be set aside. p. 690.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Proceeding by William A. Rickard, executor of the estate of George H. Booher, deceased, to set aside orders of the court relating to the sale of certain real estate to Marcus Holaday. From the judgment rendered, Holaday appeals. *Affirmed.*

*George H. Koons* and *George H. Koons, Jr.,* for appellant.

*J. Frank Mann* and *Frank Feely,* for appellees.

MYERS, J.—This appeal is prosecuted by appellant, who alleges error of the Delaware Circuit Court in setting aside its order confirming a sale and its order approving a deed to certain real estate purchased by him from appellee, pursuant to appellee's power of sale under the will of George H. Booher, deceased. Also error in refusing to permit him to file certain pleadings.

The material facts in substance are that on July 24, 1918, appellee reported to the court a sale of certain real estate to appellant, which report was by the court then and there confirmed, the deed to appellant as purchaser was ordered and the deed executed by appellee, reported to the court and approved. The terms of the sale were that appellant was to execute his note to appellee with approved surety thereon for $400 and to execute his note secured by a mortgage, his wife joining therein, on the property thus sold and purchased, covering the balance of purchase money. On September 26, 1918, appellee, by his verified petition, prayed the court to set aside all of its orders and its action in approving the deed from appellee to appellant made and entered on July 24, on the ground that the deed so theretofore approved had not been delivered and that, since the court's action aforesaid, he had received from

a third party a ten per cent. higher bid for the property. On October 12, 1918, appellee filed an amended verified petition making the additional showing that appellant as purchaser of the property, whose bid had been accepted, reported and approved on July 24, had failed and refused to comply with his bid. Thereupon appellant filed a verified motion to strike out and reject the amended petition of appellee and in support thereof stated in substance that he had purchased the property described in appellee's petitions at a price in excess of its appraisement; that such proceedings were thereafter had with reference thereto whereby the court confirmed the sale and in due course approved a deed conveying the property to him; that the deed had not been delivered to him, although the court had so ordered; that he executed the notes and mortgage, pursuant to the report of sale made by appellee on July 24, and requested that he receive and accept the same and deliver the deed. The notes and mortgage, at the time of filing the motion, were brought into court for appellee.

The record discloses that the court then proceeded to a consideration of the questions thus presented by the verified pleadings and, being satisfied in the premises, found that all of the allegations of the petition were true and that appellant continuously for sixty days had refused to complete the sale so reported on July 24, by refusing to pay the purchase price for the real estate, whereupon it was ordered and adjudged that all orders, specifically referring to them, made on July 24, 1918, be set aside and rendered null and void and of no effect.

Thereafter, on October 15, 1918, appellant tendered to the court and unsuccessfully asked permission to file a verified answer, also a verified cross-complaint, in each of which pleadings he incorporated a copy of appellee's report of sale filed July 24, a copy of appellee's petition filed September 26, to vacate the orders and action of

the court of July 24, and also appellee's amended petition filed October 12. Each of these pleadings contain general averments as to the court's action in the premises and that he fully complied with the court's orders, and closing with the general averment of want of jurisdiction of the court to set aside the order of sale and approval of deed as prayed in appellee's petitions.

Appellant takes the position that the facts set forth in his motion, as well as in his proposed answer and in his proposed cross-complaint, were sufficient to show that the court by its action and orders made on July 24, exhausted its jurisdiction to further act in the premises; that in the absence of fraud, mistake, inadvertence or surprise, appellant had acquired vested rights, which the court was without power to annul or revoke through the remedy thus selected by appellee.

The matters involved in this proceeding were governed by the statute regulating the settlement of decedents' estates. Therefore, this appeal was properly perfected pursuant to §2977 Burns 1914, §2454 R. S. 1881; §2978 Burns 1914, Acts 1913 p. 65; *Williams* v. *Perrin* (1880), 73 Ind. 57; *Vail* v. *Page* (1911), 175 Ind. 126, 93 N. E. 705.

1. The action of the court had on October 12, as shown by the record, while summary in its general character, nevertheless involved an order made by the court during the progress of the settlement of the estate in the hands of the executor, and should be regarded as a final disposition of the matter presented by the petition and motion. *Ryon, Rec.,* v. *Thomas* (1885), 104 Ind. 59, 63, 3 N. E. 653.

2. That action was not changed, modified or set aside, but it appears to rest upon the facts as they were made to appear by the parties hereto at that time. In the face of this affirmative showing, regardless of the manner in which the question is sought to

3.

be presented, we hold that appellant's offer to file an answer and cross-complaint came too late, and the court's refusal to permit him to file the same was not error. In any event, appellant's so-called motion, which might properly be treated as an answer to appellee's petition, was sufficient as a pleading to present all of the questions which were sought to be presented by his proposed answer and cross-complaint. With this view of the motion, we have an additional reason for holding that he was not harmed by the court's refusal to grant his request.

Passing to a consideration of the facts tendered by appellant's verified motion, it will be observed that he has not met the default with which he is directly charged in the petition. He makes no showing of prompt tender of the notes and mortgage in compliance with the reported sale. On the contrary, the facts thus pleaded by him readily yield to the inference that no such tender was made until after appellee instituted this proceeding. His rights in the property, if any, accrued at the time the sale was confirmed and the deed approved. In the face of these outstanding facts, appellant contends that the sale, as in this case reported and confirmed, gave him a vested interest in the property. By this contention he evidently seeks to invoke the rule that a purchaser of real estate, at a valid judicial sale which has been confirmed and deed ordered, and who has paid the purchase money and otherwise complied with the terms of the sale on his part, acquires an equitable title to the property thus sold without an actual delivery of the deed. *Maxwell* v. *Campbell* (1873), 45 Ind. 360; *Hammann* v. *Mink* (1885), 99 Ind. 279. As we have seen, the facts upon which appellant relies do not bring him within the rule, and the finding of the court that he refused for sixty

days to complete the sale by the payment of the purchase money, takes him without its protection.

We agree with appellant that the facts stated by appellee in his petition of September 26, were not sufficient to authorize the court to set aside its orders of July 24, but the amended petition, which should be treated as a direct attack on the July orders, brought to the court's attention the fact that appellant had refused to pay the purchase money in compliance with the reported terms of sale. This showing, together with the fact that the deed had not been delivered, warranted the court in treating the matter as *in fieri*, and to make such disposition of the subject as the justice of the case demanded. 1 Henry, Probate Law (3d ed.), §239. Under this state of the record, we hold that the remedy pursued by appellee was open to him regardless of any other which he may have had.

Judgment affirmed.