KALLERES ET AL. *v.* GLOVER, RECEIVER.
[No. 26,552. Filed June 29, 1935.]

*Harry P. Sharavsky, Robert McMahan, Owen S. Boling*, and *John G. Yeagley*, for appellants.

*Gavit, Hall, Smith & Gavit*, for appellees.

HUGHES, J.—Appellee, Rose Cohn, on April 18, 1929, filed her complaint in the Lake Superior Court against appellee, Fiftyler Realty Company, for the appointment of a receiver to preserve and protect her interests therein as a preferred stockholder and the interest of other preferred stockholders. William J. Glover was appointed receiver and duly qualified. On July 31, 1929, the receiver filed his petition for permission to lease

certain real estate to the Indiana-Ohio Theatre Corporation, in which it was alleged that the Gary-Tivoli Company owned all the common stock, except 5 shares. The Meyer-Kiser Bank of Indianapolis, as fiscal agent of the holders of the first preferred stock of Fiftyler Realty Company by its attorneys, the Gary-Tivoli Company by its attorneys, and the Fiftyler Realty Company by its attorneys, filed written consent to the granting of the prayer of the receiver to enter into a lease with the Indiana-Ohio Theatre Corporation. On August 3, 1929, the appellants filed their written objections to the receiver entering into the proposed lease. On August 5, 1929, the receiver filed a supplemental report in connection with the proposed lease of certain real estate; the petition of the receiver to sell was denied, and the court ordered the receiver to file his petition for the sale of the real estate.

On August 27, 1929, the receiver filed a petition for order of sale of all the assets of the receivership; on August 31, 1929, the appellants filed written objections to the petition for sale. On September 5, 1929, the receiver orally moved to strike out appellants' objections. On September 2, 1929, Fiftyler Realty Company, appellee, filed a cross-complaint to be authorized to enter into a lease with the Indiana-Ohio Theatre Corporation, and to this petition the appellants filed objections. On motion of the receiver the objections of the appellants were stricken out.

In the objections of appellants to the petition of the receiver to lease to the Indiana-Ohio Theatre Company, they assert and allege that they were the legal owners, subject to a collateral agreement, of Two Thousand Two Hundred and Forty-One (2,241) shares of the common stock of the Fiftyler Realty Company, and the prayer of their petition was that a hearing be had upon their

petition. It was alleged in the petition to sell that the Gary-Tivoli Company had Two Thousand Two Hundred Thirty-Seven (2,237) shares of common stock and the appellants had four (4) shares, but that the Gary-Tivoli Company claimed to be the owner of these four shares.

On the 3rd day of September, 1929, it is shown by the record that Kalleres, Kalleres, Loupas and Loupas, appellants, having appeared to the petition to sell and filed their written objections and exceptions to the petition to sell, the matter was submitted to the court and the judge, having heard the evidence of the parties as to the ownership by Kalleres, Kalleres, Loupas and Loupas, appellants, or any or either of them of any shares of common stock in defendant corporation, found that the Gary-Tivoli Company was the owner of all the common stock except nine (9) shares, and that the appellants were not the owners of any stock in the corporation, and judgment was entered accordingly, and on the 5th day of September, 1929, the objections and exceptions of appellants to the petition were stricken out.

The motion of the receiver to strike out the objections and exceptions of appellants to the cross petition of the Fiftyler Realty Company was sustained on the ground that it had been adjudicated, that they were not the owners of any stock in the corporation.

The receiver was finally ordered and authorized to enter into a lease with the Indiana-Ohio Theatre Corporation.

The errors relied upon for reversal are as follows:

(1) The court erred in sustaining the motion of William J. Glover as receiver of Fiftyler Realty Company to strike out appellant's objections to said receiver's

petition to sell all the property and assets of the receivership.

(2) The court erred in striking out appellant's objections and exceptions to the petition of William J. Glover as receiver of Fiftyler Realty Company to sell all of the property and assets of the receivership.

(3) The court erred in sustaining the motion of William J. Glover as receiver of the Fiftyler Realty Company to strike out appellants' objections and exceptions to the cross petition of the Fiftyler Realty Company which asked that its property in the hands of said receiver be leased to the Indiana-Ohio Theatre Corporation in lieu of a sale thereof.

(4) The court erred in striking out appellants' objection and exceptions to the cross-petition of the Fiftyler Realty Company which asked that its property in the hands of said receiver be leased to the Indiana-Ohio Theatre Corporation in lieu of a sale thereof.

(5) The court erred in granting the cross-petition of the Fiftyler Realty Company which asked that its property in the hands of said receiver be leased to the Indiana-Ohio Theatre Corporation in lieu of a sale thereof.

(6) The court erred in setting aside its order of sale of the property of the receivership.

(7) The court erred in authorizing and directing that William J. Glover as receiver of the Fiftyler Realty Company enter into the proposed lease with the Indiana-Ohio Theatre Corporation which was for a period of ten years with privilege of renewal for an additional ten years.

(8) The court erred in authorizing and directing William J. Glover as receiver of Fiftyler Realty Company to enter into the proposed lease with the Indiana-Ohio Theatre Corporation for a period of ten years with privilege of a renewal for another ten years without a

reservation of the authority to cancel said lease when the best interests of the trust demanded it.

(9) The court erred in authorizing and directing William J. Glover as receiver of Fiftyler Realty Company to enter into the proposed lease of the property of the receivership, the Fiftyler Realty Company joining with him as lessor therein, to the Indiana-Ohio Theatre Corporation.

The result to be reached in this case, as it seems to us, depends upon the finding of the court on September 3, 1929, that the appellants were not the owners of any of the common stock of the Fiftyler Realty Company.

If this was a proper adjudication of the question before the court, the later rulings of the court would and could not be harmful to the appellants. We think the question as to whether or not appellants were the owners of any of the common stock of the Fiftyler Realty Company was properly before the court. To the petition of the receiver to lease the property to the Indiana-Ohio Theatre Corporation, the appellants alleged that they were owners of common stock and asked for a hearing upon the petition. And again, when the receiver filed a petition to sell the assets of the corporation, it was alleged in the petition that appellants, as shown by outstanding certificates, were the owners of four shares of common stock, but that the Gary-Tivoli Company claimed to be the owner of said four (4) shares. And, again, in the objections filed by the appellants to the petition of the receiver to sell, they alleged that they were the owners of shares of common stock in the Fiftyler Realty Company. Under these pleadings the question of ownership was presented; and, after hearing the evidence, the court found that appellants nor any or either of them was the owner of any stock in said company. This was a final judg-

ment. From this judgment no appeal has been taken; no motion for a new trial was filed. A final judgment is one which disposes of the subject matter of the litigation as to the parties so far as the court in which the action is pending has power to dispose of it. *Terre Haute R. R. Co.* v. *Indianapolis, etc., Traction Company* (1906), 167 Ind. 193, 78 N. E. 661; *Northern Indiana, etc., Telegraph and Cable Company* v. *Peoples Mutual Telephone Company et al.* (1916), 184 Ind. 267, 111 N. E. 4. If the judgment settles and concludes the rights involved, and denies the parties means of further prosecuting or defending the action, it is final. The appellants acquiesced in this finding and judgment; and, if they were correct, and we assume that they were, then any ruling made thereafter could not have been harmful to the appellant, they having no interest in the controversy and proceedings.

Under the first two assignments of error there could be no possible reasons for reversal. The petition to sell the property of the receivership was denied by the court, and was, in fact, a ruling in favor of appellants. No substantial rights of the appellants were violated in any way, and a judgment will not be reversed even though an error is committed, if it did not prejudice the substantial rights of the complaining party. *Harmon* v. *Speer* (1924), 195 Ind. 199, 144 N. E. 241. Likewise there was no error committed as claimed under assignment No. 6. The appellants objected to the petition of the receiver for the sale of the property; the petition was denied and the appellants secured the ruling they asked for. They cannot now predicate error upon this ruling. We think no error was committed by the ruling of the court as assigned in specifications Nos. 3 and 4. It had already been determined and adjudicated that the appellants had no inter-

est in the Fiftyler Realty Company. It having been determined and adjudged that the appellants had no interest in the property, they had no interest which might be affected by a lease to the Indiana-Ohio Theatre Corporation, or any other party, and the appellants were not harmed by their objections to the petitions being stricken out. Neither is appellants' specification No. 5 cause for reversal. As the appellants had no interest in the corporation, they could not be harmed or injured by the fact that the property was leased to the Indiana-Ohio Theatre Corporation instead of being sold.

Specifications Nos. 7, 8, and 9 present no valid reasons for a reversal. As to whether or not it was proper for the court to authorize a lease for a period of ten years would depend largely upon the evidence, and the appellants failed to bring the evidence before this court. The court, in permitting leases to be made for any period of time, has the right to exercise its judgment and discretion in view of all the facts and conditions as shown by the evidence before it. Whether or not the lease should have been made was a matter calling for the sound discretion and judgment of the court. As there is no evidence before this court, we must indulge the presumption that in view of the evidence and facts before the lower court, it exercised a sound discretion and judgment in approving the lease as made. Moreover, as it had been judicially determined prior to the time the lease was made that the appellants had no interest in the property leased, such lease as made could not affect the rights of the appellants.

As this case must be affirmed, it is not necessary to discuss the motion to dismiss.

Judgment affirmed.