## IN RE OERTLING'S ESTATE
### OERTLING ET AL. *v.* OERTLING

[No. 17,653.  Filed January 26, 1948.  Rehearing denied March 4, 1948.  Transfer denied April 8, 1948.]

*Charles A. Lowe,* of Lawrenceburg, attorney for appellant.

*Chester E. Bielbey,* of Lawrenceburg, attorney for appellee.

PER CURIAM.—The appeal in this case is from an order requiring an administratrix to file an inventory of all the personal property owned by her decedent at the time of his death. The Appellate Court opinion correctly, we think, holds that the order is not determinative of present rights of the parties or others to the property inventoried. It only lists it and does not pretend to fix rights based upon occurrences subsequent to death. This is not a final judgment, *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 466, 467, 44 N. E. 2d 344, or an interlocutory order from which, under the statute, an appeal may be taken, § 2-3218, Burns' 1946 Replacement, and it does not fall within the provisions of Rule 2-3 of this court. To transfer the case and dispose of it on the theory that the order appealed from was not appealable would reach the same result reached by the Appellate Court. It seems more simple to deny transfer

with this explanation to prevent any inference that we think an appeal was proper from the order involved.

Petition to transfer denied.

NOTE.—Reported in 78 N. E. 2d 546.