QUIGLEY, ET AL. *v.* ACKERMAN, ADMINISTRATOR, ETC.

[No. 18,233. Filed March 3, 1953. Rehearing denied June 3, 1953. Transfer denied September 28, 1953.]

*Frank M. Fish,* of Evansville, for appellant.

*Phelps F. Darby* and *William T. Fitzgerald,* both of Evansville, for appellee.

## ON MOTION TO DISMISS

BOWEN, J. Roy F. Ackerman, as administrator of the estate of Lee Cozart, deceased, filed his final report as such administrator in the Vanderburgh Probate Court. Appellants, Lanie Cozart Quigley and Ledye Cozart Northcutt, two of the four heirs of the decedent, filed written objections to the final report on April 10, 1950. An intervening petition and written objections were also filed on behalf of the estate of Rado Cozart, deceased, (wife of decedent) on March 25, 1950. The intervenors filed a motion for a consolidation of the issues for trial on the objections to the final report and

the intervening petition. All parties requested special findings of fact and conclusions of law. After a trial by the court without a jury, the court entered special findings of fact and conclusions of law.

In its conclusions of law, the court found with the intervening petitioner on his intervening petition and granted such petition and concluded that the issues as to the ownership of certain bonds and proceeds therefrom had been properly and timely raised and tendered to the court for decision by the administrator's final report and objections filed thereto and by the intervening petition and response thereto.

The court made other findings and conclusions of law as to the objections filed to the administrator's report and concluded that the report which had been filed by the administrator was prematurely filed, and that the administrator was directed to file a final account in accordance with the court's special findings of fact and conclusions of law.

The court ordered the administrator, Roy F. Ackerman, to pay and deliver to Roy F. Ackerman, as executor of the estate of Rado Cozart, deceased, nine-tenths of the proceeds received by him from the sale of ten Series G. United States Government bonds referred to in Finding No. 7 of the court, and that he transfer and deliver certain other property to the surviving heirs of Lee Cozart, deceased, and the court ordered and allowed certain other surcharges, and in the concluding paragraph of the court's judgment, it ordered that this judgment and special findings of fact and conclusions of law upon which said judgment is based be certified to the regular judge of the trial court as a final adjudication of the matters heretofore venued in this cause.

In the appellees' motion to dismiss this appeal, the appellees' assign that the order and judgment appealed

from does not constitute an appealable final judgment; that this appeal was not taken or perfected as an interlocutory appeal and appellants have not filed any appeal bond, and that an appeal has not been filed nor perfected under any statute, nor pursuant to any court rule, and should be dismissed.

As to the judgment of the court ordering the administrator to file a new final accounting, such judgment ordering such final accounting was not an appealable final judgment. *In re Heineman's Estate* (1951), 122 Ind. App. 343, 101 N. E. 2d 194; *Shuey* v. *Lambert* (1913), 53 Ind. App. 567, 102 N. E. 150; *Oertling* v. *Oertling* (1948), 226 Ind. 146, 78 N. E. 2d 546.

Appellants' assignments of error and that part of appellants' appeal which are based upon the judgment of the trial court on the objections filed by Lanie Cozart, Quigley and Ledye Cozart Northcutt on their objections to the final report which questions the judgment of the court ordering a new final accounting is hereby dismissed.

However, the judgment of the court on the intervening petition filed by Roy F. Ackerman, as executor of the estate of Lee Cozart, deceased, and the judgment of the court granting the prayer of such petition was an appealable final judgment. The appellee-executor's intervening petition alleged a set of facts claiming ownership of certain United States Government bonds and the proceeds from the sale thereof, and the conclusions of law and the judgment of the court decided such issue of ownership and granted the prayer for relief in the appellee-executor's intervening petition.

Such issue of ownership of such bonds was fully and finally determined by the judgment of the trial court.

Claims of the same type as the one alleged in the intervenor's petition, wherein it is claimed that a husband was holding property as trustee of his wife, have been enforced during the lifetime of the husband in the following cases: *First Nat. Bank* v. *Rust et al.* (1933), 205 Ind. 638, 185 N. E. 127; *Wilkins* v. *Miller* (1857), 9 Ind. 100.

Also claims of such nature as the claim asserted in the intervenor's petition have been enforced against the estate of a deceased husband by the regular statutory claim procedure in each of the following cases: *Denny et al. Executor* v. *Denny* (1889), 123 Ind. 240, 23 N. E. 519; *Parrett, Admr.* v. *Palmer, Admr.* (1893), 8 Ind. App. 356, 35 N. E. 713; *Hileman, Admr.* v. *Hileman* (1882), 85 Ind. 1; *King, Admr.* v. *King* (1899), 24 Ind. App. 598, 57 N. E. 275; *Haymond, Admr.* v. *Bledsoe* (1894), 11 Ind. App. 202, 38 N. E. 530; *Armacost, Admr.* v. *Lindley, Admr.* (1888), 116 Ind. 295, 19 N. E. 138.

It has been repeatedly held that a judgment on an intervening petition is a final judgment from which an appeal may be taken. *Ind. Nat. Bank of Indianapolis* v. *Danner, Rec.* (1932), 204 Ind. 709, 170 N. E. 327; *Hamrick, Trustee* v. *Loring et al.* (1896), 147 Ind. 229, 45 N. E. 107; *General Highways System* v. *Thompson* (1928), 88 Ind. App. 179, 155 N. E. 262.

And the rule is well settled that a final judgment from which an appeal may be taken is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or decision for future determination. *Zumpfe* v. *Piccadilly Realty Co.* (1938), 214 Ind. 282, 13 N. E. 2d 715, 15 N. E. 2d 363; *Kalleres et al.* v. *Glover, Receiver* (1935), 208 Ind. 472, 196 N. E. 679; *General Highways*

*System* v. *Thompson, supra; Ind. Nat. Bank of Indianapolis* v. *Danner, supra; Butler University* v. *Danner* (1943), 114 Ind. App. 236, 50 N. E. 2d 928, 51 N. E. 2d 487; *Holaday* v. *Rickard, Exr.* (1921), 190 Ind. 684, 131 N. E. 760.

It is clear from the record in the instant case that the judgment of the lower court on the intervening petition of appellee-executor, which was consolidated for trial with appellants' objections to the appellee-administrator's final report finally determined the rights of the parties as to the facts asserted as to the ownership of the bonds in question, and no further question on such issue was reserved for future determination.

Therefore, the motion of the appellees to dismiss the appeal as to the questions raised with reference to the action of the trial court in ordering a new final accounting to be filed by the administrator of the estate of Lee Cozart, deceased, is hereby sustained.

Such motion to dismiss the appeal herein as to the assignments of error questioning the findings of fact, conclusions of law, and judgment of the court granting the prayer of the intervening petition of Roy F. Ackerman, as executor of the estate of Rado Cozart, deceased, is hereby overruled.

## ON THE MERITS

BOWEN, J. The appellants, as heirs of Lee Cozart, deceased, filed objections and exceptions to the final report of the administrator of his estate in the Vanderburgh Probate Court. The executor of the estate of his deceased wife, Rado Cozart, filed an intervening petition in connection with the final settlement and distri-

bution of the estate of the deceased, Lee Cozart, to which an answer was filed by appellants as heirs of Lee Cozart, deceased. The first paragraph of answer denied the allegations of the petition, the second paragraph of answer alleged an estoppel, the third paragraph alleged that the intervening petition was in reality a claim against the estate, and therefore not filed in time, and the fourth paragraph alleged laches. Both the matter of the objection to the final report and the intervening petition of appellee as executor of the Rado Cozart estate were consolidated for trial in the Probate Court. The trial court, at the request of both parties, made and filed special findings of fact and stated conclusions of law thereon, which findings of fact were in favor of the intervening petitioner as executor of the Rado Cozart estate.

While this appeal was pending before this Court the appellees filed a motion to dismiss the appeal, which was sustained in part, and this Court held that the judgment of the Court below as to the objections filed to the final report, and the order of the lower Court for the administrator to file a new accounting, was not an appealable final judgment. The motion of appellees to dismiss the appeal as to the assignments of error questioning the findings of fact, conclusions of law, and the judgment of the Court granting the prayer of the intervening petition of Roy F. Ackerman, as executor of the estate of Rado Cozart, deceased, was overruled. Therefore, the issues now before this Court on appeal relate solely to the assignments of error as to the judgment of the trial Court on the intervening petition of Roy F. Ackerman as executor of the will of Rado Cozart and upon the paragraphs of answer filed by appellants. Error assigned for reversal is that the court erred in overruling appellants' motion for a new trial. Grounds

of appellants' motion for a new trial are, that the special findings of fact are not sustained by sufficient evidence, 'and the court's special findings of fact are contrary to law, and that the court erred in its conclusions of law and in its judgment entered pursuant thereto. Other grounds in the motion for a new trial are that the court erred in overruling the motion of appellants to strike out the intervening petition, and that the court erred in permitting Roy F. Ackerman, executor of the estate of Rado Cozart, to testify over the objection of appellants on two grounds, the first being that such intervening petition was in reality a claim against the estate of Lee Cozart, deceased, in that it asked for money judgment in the prayer for relief and sought to set up a trust whereby said fund would be due the Rado Cozart estate, and that the claim was not filed within one year of the appointment of the administrator and not filed at least thirty days before the filing of the final settlement of the Lee Cozart estate, and that the court erred in permitting the said witness Roy F. Ackerman, executor, to testify in support of such intervening petition under §2-1715, Burns' 1946 Replacement.

The appellants, in specifications numbered 26, 27 and 28 in the motion for a new trial, seek to present alleged error in the introduction of certain evidence in the court below with reference to the testimony of Roy F. Ackerman, the administrator of the Lee Cozart estate and the executor of the Rado Cozart estate. Specification No. 26 asserts an objection to a question proponded to such witness which was as follows: "Where do you live, Mr. Ackerman?" This specification of error presents no question to this Court for consideration by reason of the fact that in this consolidated cause in the Court below the executor was a competent witness as to certain matters and the ques-

tion, "Where do you live?" does not raise the question sought to be asserted by appellants' objection to this question, and the Court therefore properly overruled the appellants' objection.

In specification No. 27 the appellants have failed to set out the question or the substance of the same which was propounded to the witness and the inclusion of the objection in the motion for a new trial did not present a proper question to the trial Court nor to this Court on appeal.

In specification No. 28 the appellants assert alleged error in permitting the said executor, Roy F. Ackerman, to answer a question as to items of securities among the papers of Lee Cozart which were not included in the inventory. Such question might properly have called for testimony from such executor as to matters which occurred after the death of the decedent, Rado Cozart, and to matters which were material in such cause and concerning which the executor was competent to testify. Therefore, such matters which were presented to the trial Court in appellants' motion for a new trial and which are asserted in the assignment of error in this appeal do not show reversible error.

Appellants assert that the findings of the Court are insufficient to impress the trusts in favor of the estate of Rado Cozart which were imposed by its judgment. It is necessary in this connection that we examine the findings of the trial Court which were rendered at the request of both appellants and appellees. The Court below found in substance as follows:

That the decedent, Lee Cozart, died intestate at Evansville, Indiana, on January 12, 1949, and was survived by his wife, Rado Cozart, and his three adult children by two former marriages, namely, Lanie Coz-

art Quigley, Ledye Cozart Northcutt and Everett Cozart, and that each of decedent's previous marriages were dissolved by death. That the decedent, Lee Cozart, and Rado Choisser were married on February 20, 1928, and except for a short separation lived together as husband and wife down to the date of the death of Lee Cozart. That Rado Choisser had been previously married and that no children had been born to such marriage which was dissolved by the death of her husband, Timothy Choisser, and that no children were born to either the marriage of Timothy Choisser and Rado Choisser or to the marriage of Lee Cozart and Rado Choisser. That Roy F. Ackerman of Evansville, Indiana, was duly appointed administrator of the estate of Lee Cozart, deceased, by the Vanderburgh Probate Court on January 25, 1949. That Rado Cozart died testate at Evansville, Indiana, on July 2, 1949, and her will dated March 5, 1949, was duly probated in the Vanderburgh Probate Court on November 22, 1949, on which date Roy F. Ackerman was duly appointed and qualified as executor of said will and estate.

Among the assets which said administrator of the Lee Cozart estate took into his possession were ten Series G United States Savings Bonds, each of $1,000 denomination, issued and inscribed in the name of Lee Cozart. The administrator obtained possession of said bonds from a safety deposit box at a loan association rented in the name of Lee Cozart and used continuously down to his death for the safekeeping of money, bonds and other valuable papers, some belonging to Lee Cozart separately, some belonging to Rado Cozart separately, and some belonging to the two of them jointly. The administrator converted said bonds into money by the sale of six of them in May of 1949 for the sum of $6,000, and by the sale of the remaining four thereof in No-

vember of 1949 for the sum of $4,050. Four-fifths of the money that went into the purchase of said Series G bonds was realized from the sale in December of 1944 of certain shares of L. & N. Railroad Company stock, issued and held in the name of Rado Cozart, individually, and the remaining one-fifth of such purchase money was realized from the sale of certain shares of L. & N. Railroad Company stock which had been issued and held in the name of Rado Cozart and Lee Cozart as joint owners thereof.

On October 11, 1948, it was called to the attention of Rado Cozart that said bonds were issued in the name of Lee Cozart, whereupon she declared that they were her bonds, purchased from the sale of her L. & N. Railroad Company stock, and she stated in substance to Charles F. Werner, who was later attorney for said administrator and also attorney for said executor, that she wanted something done to correct this situation. Rado Cozart sustained a fractured hip on October 18, 1948, and thereafter was bedfast down to the date of her death on July 2, 1949; and during said period of approximately eight months she required continuous medical and nursing attention. She had been almost entirely blind for more than a year preceding her death and her eyesight had been failing for several years prior thereto.

It appears to this Court that the foregoing findings were sufficient to impress a trust in favor of the wife, Rado Cozart, upon the bonds which were purchased from moneys realized from the sale of shares of stock of the L. & N. Railroad Company which were issued and held in the name of Rado Cozart. The findings are clearly sufficient to give rise to the trust doctrine as between husband and wife. *Armacost, Admr.* v. *Lindley, Admr.* (1888), 116 Ind. 295, 19 N. E. 139; *Hileman, Admr.* v. *Hileman* (1882), 85 Ind. 1;

*Buchanan* v. *Hubbard* (1889), 119 Ind. 187, 21 N. E. 538. As stated in *Armacost, Admr.* v. *Lindley, Admr., supra:*

"Where, as in the present case, it appears that a husband, at his own suggestion or request, obtained the title to and possession of his wife's separate property,. which the statute provides shall remain her own, even though possession be obtained with her *consent*, unless the facts and circumstances show an agreement or intention on the part of the wife that her husband should receive it as a gift, the law will presume that he took as her agent or trustee. Citing Hileman v. Hileman, supra; Wales v. Newbould, 9 Mich. 45; Mellinger v. Bausman, 45 Pa. St. 522; McNally v. Weld, 30 Minn. 209." (Our italics)

The appellants do not question the soundness of this doctrine but they question the applicability to the facts and findings in the instant case. The appellants also assert that the theory of the court's finding is different than the theory alleged in the intervening petition of appellee Roy F. Ackerman, as executor of the estate of Rado Cozart, deceased. The appellants contend that the intervening petition is based on the theory of wrongful appropriation and that recovery is outside of the realm of the issues of the intervening petition, and in support of their petition the appellants quote from *Armacost, Admr.* v. *Lindley, Admr., supra.* On this particular point *Armacost Admr.* v. *Lindley, Admr., supra,* has been overruled, and the strict rules by which complaints are tested in civil matters no longer control in such cases. *People's, etc., Trust Co., Exr.* v. *Mills* (1923), 193 Ind. 131, 139 N. E. 145; citing *Stanley's Estate v. Pence* (1903), 160 Ind. 636, 66 N. E. 51, 67 N. E. 441; *Caldwell* v. *Ulsh* (1916), 184 Ind. 725, 112 N. E. 518. While the findings of the court do not determine that the husband, Lee Cozart, wrongfully and without Rado

Cozart's knowledge or consent appropriated the money realized from the sale of the L. & N. Railroad Company stock, we hold that the allegations of the petition and the findings are sufficient to invoke the agency or trust doctrine as between husband and wife and that the estate of Rado Cozart was in equity entitled to the proceeds of the bonds purchased with funds realized from the sale of the Railroad stock issued and held in the name of Rado Cozart. It should be noted that in considering the sufficiency of special findings later decisions of Indiana courts are not as strict in formal requirements as are some of the earlier decisions. *Yelton* v. *Plantz* (1950), 228 Ind. 79, 89 N. E. 2d 540; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905.

The appellants, by other assignments of error, contend that the appellee executor's intervening petition was in fact a claim against the estate and assert that such alleged claim and petition could not be filed after the filing of the report denominated a "final report" on November 22, 1949, by the administrator of the Lee Cozart estate. The trial court found that such report designated as a "final report" was filed before the end of one year from the date of the first publication of notice of the administrator's appointment and without the filing of any petition to secure the consent of the court to the filing thereof after six months from the date of such first publication. The appellees contend that since the administrator gave notice to the heirs of the decedent of the date fixed by the court for hearing thereon that such action by the court amounted to a sufficient compliance with the statute. The statute, §6-1401, Burns' 1933 (Supp.), requires that the court shall grant its consent to permit the filing of a final accounting after six months and before the end of one

year, after the date of first publication of notice. It does not appear from the record in this case that such consent was procured by the administrator of the Lee Cozart estate, and the lower court in the case at bar did not err in finding in substance that such final report was prematurely filed before the end of one year from the date of the first publication of notice of the administrator's appointment. Therefore the court did not err in refusing to strike appellees' "intervening petition" as a claim not filed in time and for such reason.

From the entire record in this case it does not appear that the appellee executor was guilty of laches and therefore estopped to assert the interest of Rado Cozart in the estate of Lee Cozart as set forth in his intervening petition.

We have carefully examined the appellants' assignments of error and the points raised thereunder and we find no reversible error. The judgment is therefore affirmed.

NOTE.—Reported in 106 N. E. 2d 100 and 110 N. E. 2d 753.