KRUZICK *v.* PELKEY, ADMINISTRATOR ETC.

[No. 19,760. Filed May 6, 1963.]

*Thomas Essex*, of Winamac, for appellant.

*Nichols & Nichols*, of Knox, and *Stevens & Wampler*, of Plymouth, for appellee.

CLEMENTS, J.—This is an appeal from the Starke Circuit Court. John Kruzick, the appellant, was the original administrator of his deceased wife's estate. She died intestate. Appellant filed a report and resignation in the Starke Circuit Court. An exception thereto was filed by Charles Pelkey, one of the heirs, and

the court, after hearing, entered its special findings of fact and conclusions of law upon which judgment was entered ordering appellant to file an amended report incorporating therein all items previously incorporated in his report theretofore filed, and incorporating in addition thereto two promissory notes, to-wit: a promissory note executed by John Kruzick, together with his brother, George Kruzick, on October 21, 1939, in the principal sum of $5,000, plus interest; and a promissory note executed by John Kruzick on March 17, 1939, in the principal sum of $6,000, plus interest.

Appellant filed a motion for a new trial in which he asserted that the decision of the trial court is not sustained by sufficient evidence and is contrary to law, and objects to the trial court's findings as to the two promissory notes asserting that they are the subjects of civil actions pending in the Jasper Circuit Court. From the overruling of appellant's motion for a new trial this appeal is prosecuted.

The assigned errors are the overruling of appellant's motion for a new trial; the overruling of appellant's motion to dismiss objections; and the overruling of appellant's petition to submit additional evidence.

The question presented by the record before us is whether or not appellant has a right of appeal to this court from an order directing him to amend his report.

The Indiana Probate Code contains a provision in §6-122, Burns' 1953 Replacement, which provides as follows:

"Any person considering himself aggrieved by any decision of a court having probate jurisdiction in proceedings under this code may prosecute an appeal to the court having jurisdiction of

such appeal. Such appeal shall be taken as appeals are taken *in civil causes*. Executors, administrators, guardians and fiduciaries may have a stay of proceedings without bond." (Our italics.)

In *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 114 N. E. 473, 131 N. E. 245, this court had before it an appeal from a judgment of the Wells Circuit Court which ordered and adjudged that the administrator shall make and file an amended report, and this court there held that this is not a final judgment within the meaning of the statute.

*In re Moss's Estate* v. *Lewis* (1938), 104 Ind. App. 567, 12 N. E. 2d 373, where the trial court had sustained exceptions to a final report of an administrator, this court held that the order appealed from was not a final judgment within the meaning of the statute and was not an interlocutory order from which an appeal was authorized.

This court in *Kreger* v. *Bowman* (1951), 121 Ind. App. 606, 607, 101 N. E. 2d 433, quoting from *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 466, 44 N. E. 2d 344, said:

" 'To be appealable as a final judgment an order or judgment must be one which finally determines the rights of the parties in the suit, or in some distinct and definite branch of it, and which leaves no further question or direction for future determination by the court.' " See also: *In re Oertling's Estate* (1948), 118 Ind. App. 238, 76 N. E. 2d 851, (Transfer denied, 226 Ind. 146, 78 N. E. 2d 546) ; *In re Heineman's Estate* (1952), 122 Ind. App. 343, 101 N. E. 2d 194 (Transfer denied) ; *Quigley et al.* v. *Ackerman, Admr. etc.* (1953), 123 Ind. App. 660, 664, 106 N. E. 2d 100, 110 N. E. 2d 753; Section 2-3218, Burns' 1946 Replacement; Section

4-214, Par. Eleventh to Fourteenth, inclusive, Burns' 1946 Replacement.

No appealable judgment being presented in the record before us, the appeal is dismissed.

Cooper, C. J., Carson and Ryan, JJ., concur.

Note.—Reported in 190 N. E. 2d 201.