ALICE MEYER, EXECUTRIX OF THE ESTATE OF RALPH F. WECKESSER, DECEASED *v*. VERNE S. McCLELLAN.

[No. 472A171.   Filed November 15, 1972.]

*F. Wendell Lensing,* of Evansville, for appellant.

*K. Richard Hawley, Henry C. Hudson, Clements, McClellan & Hawley,* of counsel, of Mt. Vernon, for appellee.

ROBERTSON, P.J.—The respondent-appellant (Meyer) is appealing from a judgment of the trial court requiring her, in her capacity as executrix, to file an amended supplemental final report that will account for rent checks received from the objector-appellee (McClellan) during the pendency of the estate.

McClellan entered into a lease with the decedent for the rental of property. Notice of renewal was sent prior to the decedent's death with McClellan subsequently sending the rent checks to Meyer. Meyer neither cashed the checks nor returned them, nor reported them for tax purposes, nor made mention of them in her final report to the court. It appears from the record that Meyer opined the rent was inadequate, for various reasons, and that to cash the checks would be tantamount to recognizing the validity of the purportedly renewed lease. Meyer acted with the consent of the other residuary legatee.

When Meyer filed her final report, sans rent checks, McClellan filed objections. Those parts, pertinent to this appeal, of the court's judgment entry, are:

"1. * * *

2. That the accounting in said final report is not proper form in that a proper account was not made.

3. That Executrix filed a supplemental final report on the 7th of June, 1971. . . .

4. That the supplemental final report does not properly account for checks received but not cashed from Verne S. McClellan, said checks being as follows:

(The date, amount, and check number of fifteen checks are set out).

That as shown by evidence on hearing, further checks from Verne S. McClellan had been received from Verne S. McClellan by Executrix as follows:

(The date, amount, and check number of two checks are set out).

5. * * *

6. That in the evidence presented it was proven that the Executrix was in possession of the certain rental checks

received during the course of administration as listed above in Paragraph 4 hereof, which were payments on a certain lease dated April 2, 1969, an Addendum to said Lease dated May 10, 1960, and a Memorandum of Lease which was duly recorded in the Office of the Recorder of Posey County, Indiana, on the 8th day of April, 1959, in Lease Record 75, at pages 617-618, made between the decedent, as Lessor, and Verne S. McClellan, as Lessee, which have been admitted in evidence herein as Objector's Exhibits numbered 1, 2, and 3, respectively.

7. That Verne S. McClellan gave notice of the renewal of said Lease for an additional ten year period beginning July 1, 1970, by giving notice to the decedent, Ralph Weckesser, prior to his death by Certified Mail on the 6th day of February, 1970, which notice and return receipt are admitted in evidence herein as Objector's Exhibit 4; and that a further notice of intention to exercise said option to renew was given to Alice Meyer, Executor of the Estate of Ralph F. Weckesser, by Verne S. McClellan on April 21, 1970, by Certified Mail, which notice and return receipt are admitted in evidence herein as Objector's Exhibit 5.

The Court further finds that the law is as follows:

1. That the Executrix has not properly accounted for the rental checks paid by Verne S. McClellan in her final report or in her supplemental final report.

2. That an additional supplemental final report should be filed with this court showing all checks cashed and showing income received from Verne S. McClellan for rental as hereinabove set out, all as provided by Burns Indiana Statutes, § 7-701.

IT IS, THEREFORE, ORDERED AND ADJUDGED by the Court that objections filed herein by Verne S. McClellan to the final report and as added to by the evidence herein are hereby sustained, and Alice Meyer, as Executrix of the Estate of Ralph F. Weckesser, deceased, is hereby ordered and directed to file further supplemental final report in said estate showing all checks from Verne S. McClellan cashed and accounting for the proceeds thereof, for further approval of this court."

The immediate question requiring our attention is whether the judgment entry heretofore recited constitutes an appealable judgment, for it has long been the law of Indiana that:

"As to the judgment of the court ordering the administrator to file a new final accounting, such judgment ordering such final accounting was not an appealable final judgment. *In re Heineman's Estate* (1951), 122 Ind. App. 343, 101 N.E.2d 194; *Shuey* v. *Lambert* (1913), 53 Ind. App. 567, 102 N.E. 150; *Oertling* v. *Oertling* (1948), 226 Ind. 146, 78 N.E.2d 546." *Quigley, et al.* v. *Ackerman, Admr., etc.* (1953), 123 Ind. App. 660, at 664, 106 N.E.2d 100, at 101, 110 N.E.2d 753.

Meyer contends the judgment is appealable for it is a final determination of the rights of Meyer and McClellan as it pertains to the validity of the questioned lease, or as was further held in *Quigley, supra:*

"And the rule is well settled that a final judgment from which an appeal may be taken is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or decision for future determination. (Citing authorities)." 123 Ind. App. at 665, 666, 106 N.E.2d at 102.

When the various components of the court's judgment are viewed, individually as well as collectively, we are of the opinion that it does not serve the office of a judicial determination of the validity of the questioned lease. It should be noted that there is an absence of a direct finding that the lease was properly renewed according to the terms in the original lease. Nor is there a finding that the estate, residuary legatees, or the leasee is specifically bound by a lease. We are of the opinion that one of the reasons for such absence is the recognition by the trial judge, on an occasion during the hearing, of the questionable propriety of utilizing objections to a final accounting to determine the validity of the leasehold interest. Additionally, the objections filed by McClellan did not ask for such a determination and there could be a substantial legal question as to whether the other residuary legatee was joined as a real party in interest.

It can, therefore, be seen that there is no decision of such finality, insofar as the lease is concerned, to make the court's judgment appealable.

Furthermore, we are of the opinion that the trial court was correct in requiring Meyer to account for the checks. Our Probate Code says:

"Possession of assets of estate.—Every personal representative shall have a right to, and shall take, possession of all the real and personal property of the decedent except the homestead of the surviving spouse and minor children. *He shall pay the taxes and collect the rents and earnings thereon until the estate is settled or until delivered by order of the court to the distributees.* He shall keep in tenable repair the buildings and fixtures under his control and may protect the same by insurance. He may maintain an action for the possession of the real property or to determine the title to the same." (Emphasis added.) IC 29-1-13-1; Ind. Ann. Stat. § 7-701 (Burns 1953).

Being required by law to collect the rent it is axiomatic that accounting is required, absent some action on the part of Meyer to contest the validity of the lease. See IC 29-1-16-1, Ind. Ann. Stat. § 7-1001 (Burns 1953).

Having found that the judgment of the Posey Circuit Court is not appealable, this action is ordered dismissed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 289 N.E.2d 149.