**Lora GEIB, Appellant,**

v.

**ESTATE of Stanley R. GEIB, Appellee.**

**No. 3–277A38.**

Court of Appeals of Indiana,
Third District.

Oct. 11, 1979.

Steven P. Kennedy, Eugene M. Feingold, Munster, for appellant.

G. Edward McHie, Charles A. Myers, Hammond, for appellee; McHie, Enslen & Moran, Hammond, of counsel.

HOFFMAN, Judge.

This appeal arises from probate proceedings in Lake Superior Court. Appellant Lora Geib challenges that court's denial of her petition to revoke letters improvidently issued and motion to strike and set aside a protective order.

Hugh Geib, Pennsylvania resident and son of the decedent, filed a petition for issuance of letters of administration in the estate of Stanley R. Geib and was appointed co-administrator with Charles A. Myers, Hammond attorney. Myers filed a petition for an order to deliver assets, requesting that Eugene M. Feingold, Hammond attorney for the appellant, a Delaware resident, be ordered to deliver to Myers certain assets of the estate alleged to be in Feingold's possession. Appellant filed her petition to revoke letters improvidently issued and served a notice of deposition, stating her intention to depose Hugh Geib at the Munster law office of Feingold.

Myers filed a motion to strike notice of deposition and motion for a protective order on June 8, 1976, both motions being granted that same day. On September 30, a hearing was held on all pending motions; the court denied appellant's motion to reconsider and set aside striking of notice of deposition and protective order and her petition to revoke letters, and granted Myers' petition to deliver assets.

Appellant states the issues she raises for review as follows:

1. "Were the Orders entered by the trial court on September 30, 1976, denying the Petition of Lora Geib to Revoke Letters Improvidently Issued, denying the Motion to Strike and Set Aside a Protective Order for Hugh Geib, and granting the Petition of Co-Administrator to Deliver Assets, a final order or judgment from which Lora Geib has the right to appeal?"

2. "Did the trial court err and deny a fair hearing to Lora Geib, Appellant, by refusing to allow her the right to take the discovery deposition of Hugh Geib, a Co-Administrator, in the manner provided by the Indiana Rules of Court?"

The actions of the trial court are affirmed.

■ This Court has jurisdiction of this appeal because the denial of a petition to revoke letters improvidently issued under IC 1971, 29–1–10–1 (1978 Burns Supp.) is a final order or judgment as defined in *Krick v. Farmers and Merchants Bk., Adm.* (1972), 151 Ind.App. 7, at 15, 279 N.E.2d 254, at 259:

". . . To be appealable as a final judgment, an order or judgment must be one which finally determines the rights of the parties involved; or, if it does not dispose of all the issues, it will still be appealable if it disposes of some distinct and definite branch of the proceedings leaving no further question for future determination by the court as to that particular issue. *Seaney v. Ayres* (1958), 238 Ind. 493, 151 N.E.2d 295; *Greathouse v. McKinney* [(1942), 220 Ind. 462, 44 N.E.2d 344]; *Kruzick v. Pelkey*, (1962) 134 Ind.App. 569, 190 N.E.2d 201."

Appellant contends that her rights in the administration of Stanley Geib's estate were finally determined and that she had no further remedy for the assertion of those rights in the trial court. She analogizes her position to that of the appellant in *Meyer v. Anderson Banking Co.* (1961), 243 Ind. 145, 177 N.E.2d 662. Meyer was appointed co-administrator of an estate and later removed by the court on its own motion. Meyer filed a motion to set aside the order and appealed its denial. The Supreme Court exercised jurisdiction, classifying the entry of judgment removing an administrator as a final, appealable judgment. In *Helm v. Odle, Admrx. etc.* (1959), 129 Ind. App. 478, 157 N.E.2d 584, this Court heard the appeal of a trial court's refusal to remove an administrator.

What is at stake in a petition to revoke letters improvidently issued is closely analogous to what is at stake in a petition to remove an administrator and, consequently, the former is also a final, appealable judgment. This comports with *Russell, Admin-*

*istrator, etc. v. Moore* (1960), 130 Ind.App. 351, 164 N.E.2d 670, where this Court considered an appeal taken from the revocation of letters of administration pursuant to a petition to revoke letters improvidently issued. The appeal was dismissed for lack of jurisdiction not because the order of revocation was not a final judgment, but because the appellants failed to name the representative of the estate as a party appellant or appellee in their assignment of error. If this Court can hear an appeal from a revocation of letters, it is axiomatic that it can hear an appeal from a denial of a petition to revoke letters.

Having established this Court's jurisdiction to hear this appeal, appellant contends she was denied a fair hearing on her petition to revoke letters by the trial court's discovery order of June 8, 1976, which she characterizes as a denial of discovery.

■ Appellant's notice of deposition requested co-administrator Geib, a resident of Pennsylvania, to travel to Munster to be deposed. The motion to strike notice of deposition and for a protective order filed by co-administrator Myers stated, *inter alia*, that the estate's assets totaled approximately $5,000, with two checks totaling $113.75 being the only assets not in Feingold's possession, and that the estate would incur substantial expenses if Geib were required to travel to and from Indiana for the deposition. The trial court granted the motion and ordered that "said notice of deposition need not be complied with by said estate, nor the Co-Administrators of said estate." Thus, the order striking the notice of deposition and issuing the protective order was not a denial of discovery but served only to deny to appellant her preferred method of discovery under Ind. Rules of Procedure, Trial Rule 26(A).

■ A trial court exercises judicial discretion in ruling on discovery issues and this Court will interfere only if the trial court has abused its discretion. *Costanzi v. Ryan* (1978), Ind.App., 370 N.E.2d 1333.

The granting of protective orders is governed by TR. 26(C) which reads, in part, as follows:

"Protective orders. Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is being taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

\* \* \* \* \* \*

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery . . . ."

Appellee invoked the protection of TR. 26(C) for one of the permissible reasons, to protect the estate from undue expense. By excusing Geib from complying with appellant's notice of deposition, the trial court was, in substance, issuing the type of protective order allowed by TR. 26(C)(3). It was informing appellant that discovery of any information possessed by Geib would have to be by a method other than that initially selected by appellant.

■ Appellant's burden was to show that the trial court's use of TR. 26(C)(3) was an abuse of discretion under the particular facts and circumstances of this case and this she has failed to do. She rightly argues that she had a right to discovery and that the scope of that discovery was limited only by the requirement that the material sought be relevant. The trial court's order, however, did not deny her right to discovery nor limit its scope. Appellant has not alleged nor shown any actual prejudice beyond making the broad, conclusory statement that the ruling prevented her from having a fair hearing on her petition to revoke letters improvidently issued.

No abuse of discretion having been shown, the trial court's judgment is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.