510

SHANNON, ADMINISTRATRIX ETC., ET AL. *v.* GLASSON.

[No. 19,567. Filed April 23, 1963.]

*Glenn L. Miller* and *Miller & Tolbert*, of Logansport, for appellants.

*Richard A. Molique*, of Logansport, for appellee.

CLEMENTS, J.—This is an appeal from an order of the Cass Circuit Court vacating its approval of a Guardian's final report and directing the Guardian to file an inventory.

On September 2, 1958, the appellant, Gladys Shannon, qualified as Guardian of the person and estate of Ennis Glasson, infirm.

On September 30, 1958, the Guardian signed and swore to a final report in which she showed that her ward had died intestate on the 24th day of September, 1958, and that she had been appointed Administratrix of the ward's estate. On the same date Gladys Shannon, as Administratrix, gave a receipt to herself, Gladys Shannon, as Guardian, showing that she had received from the Guardian a proper accounting, and that the balance of $15,312.72 remaining in the guardianship had been paid to her as Administratrix. This accounting and final receipt were filed on October 20, 1958, and approved by the court on the same date, and the Guardian ordered released. No notice of the filing of the report or date of hearing was given.

On November 3, 1958, the appellee, Laura A. Glasson, filed a *verified* petition alleging that the Guardian had not filed an inventory and that certain bonds cashed by the Guardian were registered in her name, and asking the court to direct the Guardian to file an inventory, or to amend her report to identify the bonds and enable the petitioner to establish her title to such bonds.

A demurrer to the petition of appellee was sustained in part and overruled in part, and appellee filed an amended petition. A demurrer was filed to the amended petition, which was overruled.

On July 6, 1959, an answer was filed to the amended petition. The issue was tried by the court on November 5, 1959, and the court entered an order vacating its approval of the Guardian's final report and directing the Guardian to file "a full and complete inventory of the assets of the Guardianship."

Gladys Shannon, as Guardian, and Gladys Shannon, as Administratrix, filed separate motions for a new trial which were overruled.

Gladys Shannon, as Guardian, and Gladys Shannon, as Administratrix, appealed and assign as error (1) The court erred in overruling the appellants' motion for a new trial; and (2) The court erred in overruling the Demurrer of appellants to the Amended Petition of appellee.

The demurrer to the petition shows that the deceased left five heirs, one of which is the appellant, Gladys Shannon.

Appellee, as a witness in support of her amended petition, testified that she was formerly married to the ward, Ennis Glasson, and that the marriage terminated in a divorce. She testified that the deceased had U. S. Savings Bonds on the date he was placed under guardianship, which were in two different bank safety deposit boxes; that some of the bonds were registered, "Ennis Glasson or Mrs. Laura A. Glasson;" that some of the bonds were registered, "Laura A. Glasson or Ennis Glasson;"[1] that up to the date of February 1, 1954, the cost of the bonds was $8,587.50; and that she received no notice from the Guardian or the court of the filing of the final report of the Guardian. Appellant, Gladys Shannon, gave no evidence at the hearing. The court ordered the Guardian to file an inventory.

Section 8-127, Burns' 1953 Replacement, provides,

"When a guardian of the estate has been appointed, an inventory and appraisement of the ward's estate shall be made in the same manner and subject to the same requirements as are provided in section 1201 [§7-601] hereof for the inventory and appraisement of a decedent's estate."

1. See: *Tharp* v. *Besozzi, Admrx., etc.* (1957), 128 Ind. App. 73, 144 N. E. 2d 430 (Transfer denied).

Section 8-143, Burns' 1953 Replacement, provides, in pertinent part, as follows:

> "(a) The real or personal property of the ward, or any part thereof, may be sold, mortgaged, leased or exchanged by the guardian of the estate upon such terms as the court may order for the purpose of paying the ward's debts, providing for his care, maintenance and education and the care, maintenance and education of his dependents, investing the proceeds, or in any other case where it is for the best interests of the ward."

The record in this case shows that the Guardian sold bonds of which the court had no record; that the bonds were sold without a court order and for no statutory purpose authorizing such sale. The appellant-Guardian attempted to meet these requirements by answering that the ward died which terminated her duties except for payment of expenses of administration, and further answering that the ward was the sole owner of the U. S. Savings Bonds for which she received, as Guardian, $16,939.66.

Gladys Shannon is now an officer of the Cass Circuit Court performing the duties of Administratrix of the Estate of Ennis Glasson, deceased, and she is the same individual who has been ordered by the court to correct her records as Guardian and file a statutory inventory of the assets she held as Guardian.

On the death of the ward the guardianship was terminated. Section 8-147(a) (4), Burns' 1962 Cum. Supp. Appellants have given us no authority that would excuse the Guardian from performing and recording with the court her statutory duties up to the date of termination.

No one could possibly be harmed by the records of the Cass Circuit Court showing a statutory inventory filed and approved in the guardianship of Ennis Glasson. The appellant, Gladys Shannon, has been under the jurisdiction of the Cass Circuit Court as an officer or agent of the court since September 2, 1958, during all of which time she has had the possession of the property of Ennis Glasson. She is subject to the orders of that court. A large percentage of the Probate jurisdiction in Indiana is exercised *ex-parte*, which saves time, work and money. Courts of appeal should be very reluctant to interfere with Probate matters between the court and its appointed officers. Courts can justly take pride in having order book records showing that the property of those under legal disability or deceased, has been legally received, accounted for and distributed. See: *Oertling* v. *Oertling* (1948), 226 Ind. 146, 78 N. E. 2d 546.

Finding no reversible error, the judgment of the trial court is affirmed.

Cooper, C. J., Carson and Ryan, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 717.